# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Darren Cornelius STANLEY, | Case Number 3-7-cv-4727-MHP |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING |
| Vince CULLEN, Acting Warden of San Quentin State Prison, | |
| Respondent. | [Doc. No. 8] |

Petitioner is a condemned inmate at San Quentin State Prison. On September 13, 2007, Petitioner initiated the present capital habeas action when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (*See* Doc. No. 1.) On November 7, 2007, the Court granted Petitioner's requests in part and referred the matter to the Court's Selection Board for the recommendation of counsel to represent Petitioner. (Doc. No. 3.) Since that time, the Court has been seeking counsel to represent Petitioner.

On July 8, 2010, proceeding pro se, Petitioner filed a protective Petition for Writ of Habeas Corpus, (Doc. No. 5); he subsequently filed a Motion for Equitable Tolling and for a Stay of Federal Litigation Pending Appointment of Counsel, (Doc. No. 8). According to Petitioner, the one-year statute of limitations applicable to federal habeas petitions, *see* 28 U.S.C. § 2244(d)(1) (2010), unless equitably tolled, expired on July 8, 2010. (*Id.* at 3.) Petitioner filed

his pro se protective Petition to preserve his right to federal habeas review in the event that equitable tolling is not granted; he states, however, that the pro se protective "Petition is admittedly deficient." (*Id.*)  Petitioner seeks equitable tolling for "(1) the time between the date of final judgment in state court on Petitioner's conviction and death sentence (July 8, 2009) up to and until federal habeas counsel is actually appointed in this Court, and (2) for one year from the date of appointment of counsel." (*Id.* at 3–4.)

The Supreme Court of the United States recently held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010).  A federal habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

In capital habeas actions, an indigent petitioner has a statutory right to counsel.  18 U.S.C. § 3599(a)(2) (2010).  This includes "a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56.  For these reasons, a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to appoint to represent the petitioner. *See, e.g.*, *Smith v. Ayers*, No. 3-4-cv-3436-CRB (N.D. Cal. Jan. 8, 2009); *Fairbank v. Woodford*, No. 3-98-cv-1027-CRB (N.D. Cal. Sept. 26, 1999); *Ervin v. Woodford*, No. 4-0-cv-1228-CW (N.D. Cal. Nov. 14, 2001); *Hughes v. Woodford*, No. 3-3-cv-2666-JSW (N.D. Cal. Dec. 24, 2003).  Indeed, it is frequently the case that "were [a c]ourt to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated." *Smith*, slip op. at 3.

It is also true, however, "that often the exercise of a court's equity powers must be made

on a case-by-case basis." *Holland*, 130 S. Ct. at 2563 (internal punctuation and citation omitted). In the present action, Petitioner already has filed a timely pro se protective Petition. While it may seem unlikely, it is possible that Petitioner's counsel, once appointed, will determine that an amendment of the Petition will not be necessary or that any amendment need not include any new claims, or it may be that any new claims will relate back to claims in the pro se protective Petition. If so, there will be no need for equitable tolling. Even if there turns out to be a need for equitable tolling, it is entirely speculative at this point that appointed counsel will require a full year to prepare a petition; it therefore would be inappropriate for the Court to make such a presumption.

     Given that the assistance of counsel is essential to the preparation of a federal capital habeas petition and that the present matter is extraordinarily complex, it is quite likely that the lack of counsel during the time that the Court is seeking counsel to appoint will be found to constitute an extraordinary circumstance beyond Petitioner's control that is making it impossible for Petitioner to file on time the petition that he is statutorily entitled to file. But it is too soon to say that with certainty. The Court's equitable powers are broad, but they must be used as sparingly as possible. The Court therefore concludes that Petitioner's present Motion for Equitable Tolling is premature.

     Accordingly, and good cause appearing therefor, the Court denies the Motion without prejudice. Respondent shall not answer the pro se protective Petition at this time. Petitioner need not take any further action until counsel is appointed to represent him. The Court will revisit the issues of equitable tolling and the timing of Respondent's answer, as well as other scheduling and budgeting issues, as necessary after the Court appoints counsel to represent Petitioner in the present action.

*It is so ordered.*

DATED: January 3, 2011

_____
MARILYN HALL PATEL
United States District Judge