UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>    Petitioner,<br><br>v.<br><br>Michael MARTEL, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 3-7-cv-4727-EMC<br><br>DEATH-PENALTY CASE<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR EQUITABLE TOLLING**<br><br>**[Doc. No. 17]** |

    Petitioner is a condemned inmate at San Quentin State Prison. On September 13, 2007, Petitioner initiated the present capital habeas action when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (*See* Doc. No. 1.) The Court granted Petitioner's requests in part and referred the matter to the Court's Selection Board for the recommendation of counsel to represent Petitioner. (Doc. No. 3.)

    On July 8, 2010, proceeding pro se, Petitioner filed a protective petition for a writ of habeas corpus, (Doc. No. 5), in an attempt to preserve his right to federal habeas review in the event that the one-year statute of limitations applicable to federal habeas petitions, 28 U.S.C. § 2244(d)(1) (2006), was not equitably tolled, (Doc. No. 8 at 3). Petitioner also filed a pro se motion for equitable tolling, (*id.*), which the Court determined to be premature and accordingly denied without prejudice, (Doc. No. 10).

The Court appointed counsel for Petitioner on February 11, 2011.  (Doc. No. 11.) Petitioner, through counsel, has filed a second motion for equitable tolling, (Doc. No. 17), which is presently before the Court.  Petitioner seeks equitable tolling until the date of counsel's appointment so that his counsel may have one year to prepare a finalized petition.[1]

The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010).  A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

An indigent capital habeas petitioner has a statutory right to counsel.  18 U.S.C. § 3599(a)(2) (2006).  This right includes "a right to legal assistance in the preparation of a habeas corpus application," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), due to the complexity of capital habeas proceedings and the seriousness of the death penalty, *id.* at 855–56.  As the Court observed in its order denying the first motion for equitable tolling, "a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to appoint to represent the petitioner," (Doc. No. 10 at 2), because the lack of appointed counsel is an extraordinary circumstance beyond the petitioner's control that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.  "Indeed, it is frequently the case that were court to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated."  (*Id.* (internal quotation marks, brackets, and citation omitted).)

However, this general principle does not mean that a grant of equitable tolling is automatic in capital habeas actions in which counsel is not promptly appointed, for "often the exercise of the court's equity powers must be made on a case-by-case basis." *Holland*, 130 S.

---

[1] In capital habeas actions, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ."  Habeas L.R. 2254-28(a).

Ct. at 2554. When deciding whether equitable tolling is appropriate in a particular action, courts consider the particularities of the action, such as a petitioner's diligence, in addition to the general right to counsel. For example, in *Smith v. Ayers*, No. 3-4-cv-3436-CRB, (N.D. Cal. Jan. 8, 2009), the court granted equitable tolling in consideration of the complexity of the matter in conjunction with the capital habeas petitioner's right to counsel. Slip op. at 2.

Respondent does not oppose Petitioner's motion outright. Rather, he contends that the motion is premature because Petitioner has not presented any such particularities regarding the present action. (Doc. No. 18.) However, since the motion was filed, Respondent has lodged the state-court record with this Court. (Doc. No. 22.) A review of that extremely voluminous record demonstrates that this matter is extraordinarily complex. In addition, Petitioner's counsel aver that, in their professional judgment, the pro se protective petition "is wholly inadequate for any purpose." (Doc. No. 17 at 9; *see id.* at 12–14.) Moreover, Petitioner has been diligent in pursuing his rights, as he initiated the present action while his state habeas petition was pending, *cf. In re Stanley*, No. S106165 (Cal. July 8, 2009), and the federal limitations period was thereby statutorily tolled, *see* 28 U.S.C. § 2241(d)(2).[2] Considering these facts along with Petitioner's right to the assistance of counsel in preparing a petition, the Court finds that Petitioner will require at least a year from counsel's appointment to prepare and to file a finalized petition, which is the petition that he is statutorily entitled to file. *See McFarland*, 512 U.S. at 858 ("the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims").

This does not mean, however, that Petitioner is entitled to have his motion granted in full. As noted in the order denying the first motion for equitable tolling, "[t]he Court's equitable powers are broad, but they must be used as sparingly as possible." (Doc. No. 10 at 3.) There is no need for equitable tolling for otherwise timely claims, such as claims that also appear in the

---

[2] Indeed, Petitioner has been extraordinarily diligent, as he sought federal counsel nearly two years before his state habeas petition was denied. Petitioner would have been on even firmer ground if he had initiated federal proceedings while his state appeal was pending, as the Court might have found Petitioner to have been dilatory if his entire state habeas petition had been denied as untimely.

pro se protective petition if they were thereby rendered timely, or claims that relate back to timely claims in that petition. Petitioner is entitled to equitable tolling only for claims in the finalized petition that are not otherwise timely.

    Accordingly, and good cause therefor appearing, Petitioner's second motion for equitable tolling, (Doc. No. 17), is granted as to claims that otherwise would be untimely and denied as to claims that are otherwise timely. Petitioner shall file his finalized petition on or before February 10, 2012.

    This order disposes of Docket No. 17.

    IT IS SO ORDERED.

DATED: July 26, 2011

_____
EDWARD M. CHEN
United States District Judge

4

Case No. 3-7-cv-4727-EMC
ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR EQUITABLE TOLLING
(DPSAGOK)