United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY, | No. C-07-4727 EMC |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | **ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY** |
| MICHAEL MARTEL, Acting Warden of San Quentin State Prison, | **(Docket No. 27)** |
| Respondent. _____/ | |

Petitioner is a condemned inmate at San Quentin State Prison. Petitioner moves for discovery. As set forth below, the Court **GRANTS** the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, in Alameda Superior Court, Petitioner was convicted of, *inter alia*, first-degree murder, and he was sentenced to death and a term of years. In 2006, the California Supreme Court affirmed in relevant part. *People v. Stanley*, 140 P.3d 736 (Cal. 2006). While his initial state habeas petition was pending before that court, in 2007, Petitioner sought appointment of counsel to represent him in his federal habeas proceedings. (Doc. No. 1.) In 2009, the California Supreme Court denied Petitioner's initial state habeas petition. (Doc. No. 5 at 16.) Proceeding pro se, Petitioner filed a detailed protective petition in this Court in 2010; the protective petition contains fifty-nine claims. (Doc. No. 5.) In 2011, this Court denied Petitioner's first equitable-tolling motion, (Doc. No. 10); appointed counsel to represent Petitioner, (Doc. No. 11); set briefing schedules for a second equitable-tolling motion and a discovery motion, (Doc. No. 16); and granted

in part and denied in part Petitioner's second motion for equitable tolling, (Doc. No. 26.) The Court directed Petitioner to file his finalized petition by February 10, 2012. (*Id.* at 4.)

To assist him in preparing his finalized petition (Petitioner is not presently seeking to introduce evidence), Petitioner seeks the written questionnaires completed by all potential jurors at his trial as well as all documents, including documents filed under seal, that were filed in or submitted to the state court and the Alameda County Bar Association regarding county and state funds provided for Petitioner's defense in Alameda County. Petitioner also seeks leave to depose his brother, Isaac Stanley, and his trial counsel, Walter Cannady and Richard Hove.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Habeas Corpus R. 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908–09 (internal quotation marks, ellipsis, and citation omitted). When good cause exists, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 909.

## II. DISCUSSION

Petitioner seeks the juror questionnaires in connection with his factually detailed claims that some prospective jurors were excluded on the basis of race in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Although a comparative juror analysis involving such questionnaires is often critical to determining the viability of a *Batson* claim, *see Miller-El v. Dretke*, 545 U.S. 231 (2005), it appears that no court has ever examined the questionnaires that Petitioner seeks to discover in the twenty years since Petitioner's trial. Accordingly, Petitioner has established good cause to discover

///
///
///
///

2

the questionnaires for their potential use in setting forth specific factual allegations in his state exhaustion petition as well as his federal finalized petition.[1]

Petitioner also seeks documents related to the funding of his defense and depositions of his trial counsel. As with the juror questionnaires, no court has ever even reviewed these documents nor heard what trial counsel have to say about their representation of Petitioner at his trial. Yet such documents and statements can be expected to provide essential information as to what trial counsel did and why, and they are likely crucial to determine the validity of Petitioner's factually detailed claims that his trial counsel rendered ineffective assistance. In the event the documents contain and the depositions yield such expected evidence, Petitioner will be able to set forth specific factual allegations in a state exhaustion petition as well as in his federal finalized petition. In short, Petitioner has established good cause for the funding documents he seeks and the depositions of trial counsel that he wishes to conduct.[2]

Finally, Respondent does not oppose the deposition of Petitioner's brother, Isaac Stanley. Isaac Stanley was a key prosecution witness who purportedly wishes to recant and correct his testimony. Petitioner's counsel aver that Isaac Stanley has advanced-stage AIDS and a short life expectancy. Accordingly, Isaac Stanley's deposition is appropriate in order to preserve evidence that otherwise will be lost. *See* Fed. R. Civ. P. 27.

///

///

///

---

[1] When ultimately resolving habeas claims, a federal habeas court generally may consider evidence presented in relevant state-court proceedings, including state exhaustion proceedings. *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Of course, at this stage of the present proceedings, where the finalized petition has not even been filed, there is no way for the Court to know whether *Pinholster* will apply to particular claims or what precise impact *Pinholster* will have on those claims if and when the Court addresses the merits of the claims. Cases that address the appropriateness of factual development at later stages of habeas proceedings are therefore presently inapposite.

[2] Respondent contends that most of the ineffective-assistance claims in the protective petition are procedurally defaulted. (Doc. No. 28 at 11.) However, the Court cannot determine that issue until at least after the finalized petition, the answer, and the traverse are filed, and, presumably, state exhaustion proceedings are concluded.

### III. CONCLUSION

Good cause appearing therefor, the Court grants Petitioner's motion for discovery, (Doc. No. 27).

1. Petitioner Darren Cornelius Stanley, by and through his counsel of record, may issue a subpoena duces tecum to the Clerk of the Alameda Superior Court for the following documents in the case of *People v. Stanley*, Alameda Superior Action No. 103289:

    a. All written juror questionnaires;

    b. All records, documents, letters, affidavits, or paper of any kind concerning the funds sought, allocated, utilized, spent, or refused by counsel for Darren Cornelius Stanley, including but not limited to Walter Cannady, Richard Hove, Richard Humphrey, and Lincoln Mintz; this request includes, but is not limited to, all funds requested and disbursed or refused pursuant to Penal Code section 987.9.

2. Petitioner Darren Cornelius Stanley, by and through his counsel of record, may issue a subpoena duces tecum to the Alameda County Bar Association for any and all documents concerning the case of *People v. Stanley*, Alameda Superior Action No. 103289, that reflect fees or monies paid to, requested by, or refused to the court-appointed attorneys who represented Darren Cornelius Stanley in the above-referenced case, including but not limited to Walter Cannady, Richard Hove, Richard Humphrey, and Lincoln Mintz.

///
///
///
///
///
///
///
///

3. Petitioner Darren Cornelius Stanley, by and through his counsel of record, may schedule and conduct the depositions of Isaac Stanley, Walter Cannady, and Richard Hove at a time and place acceptable to counsel for Respondent.

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated: October 26, 2011

_____
EDWARD M. CHEN
United States District Judge