# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Darren Cornelius STANLEY, | No. C07-4727 EMC |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | ORDER RESOLVING PENDING MOTIONS |
| Michael MARTEL, Acting Warden of San Quentin State Prison, | |
| Respondent. | [Docs. Nos. 34 & 35] |

I

Petitioner, a condemned state prisoner, has filed a Motion to File Motion and Declaration of Counsel Under Seal. (Doc. No. 35.) In that motion, Petitioner seeks leave to file under seal an Ex Parte Motion to Stay Proceedings and for Equitable Tolling Pending Determination of Petitioner's Competency and an accompanying declaration.

The statements in the documents Petitioner seeks to file under seal are largely privileged attorney-client communications, protected attorney work-product, and confidential information and communications regarding the budgeting of the present action. Such statements are appropriately filed under seal, and the Court grants the motion to do so.

However, Respondent's contention that Petitioner's request is not narrowly tailored as required by Civil Local Rule 79-5(a) is well taken. (Doc. No. 36 at 2–3.) Accordingly,

Petitioner shall file the motion and the declaration in the public record with the privileged and protected statements redacted.

## II

Petitioner has filed under seal an Ex Parte Motion to Stay Proceedings and for Equitable Tolling Pending Determination of Petitioner's Competency. Petitioner seeks equitable tolling of the federal habeas statute of limitations nunc pro tunc to October 6, 2011, when Petitioner submitted to the Court a budget request for funding to prepare his finalized petition.

A condemned prisoner "has a statutory right to competence in his federal habeas proceedings. . . ." *Rohan v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). The "relevant question" to determine competence in the federal habeas context is "whether [the petitioner] now has the capacity to understand his position and to communicate rationally with counsel." *Id.* at 819. "[W]here an incompetent capital habeas petitioner raises claims that could benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought." *Id.* In such a situation, federal habeas proceedings "must be stayed until [the petitioner] is competent." *Id.*

In the present action, as in *Rohan*, Petitioner has raised "claims that could benefit from his ability to communicate rationally," *id.*, such as claims that his trial counsel rendered ineffective assistance, (Doc. No. 5-1 at 93–100; Doc. No. 5-2 at 1–2 (claim 7); Doc. No. 5-3 at 11–21 (claim 25); *id.* at 77–89 (claims 34–38); *id.* at 95–101; Doc. No. 5-4 at 1–17 (claims 40–44); *id.* at 39–55 (claims 48–53); *id.* at 73–75 (claim 58)). *See Rohan*, 334 F.3d at 818. In addition, Petitioner's counsel have submitted a declaration containing substantial evidence that indicates that Petitioner may lack "the capacity to understand his position and to communicate rationally with counsel." *Id.* at 819. Accordingly, Petitioner "is entitled to a stay pending a competency determination." *In re Gonzales*, 653 F.3d 1242, 1244 (9th Cir. 2010). The Court therefore grants such a stay, including equitable tolling, nunc pro tunc to October 6, 2011.

## III

The Court previously issued its Order Granting Petitioner's Motion for Discovery. (Doc.

2

1  No. 33.) Respondent has filed a Motion for Leave to File Motion for Reconsideration of
2  Discovery Order. (Doc. No. 34.) As indicated above, the Court is staying proceedings pending
3  a determination of Petitioner's competence. Such proceedings necessarily include discovery
4  (other than that granted for preservation purposes). The Court therefore denies Respondent's
5  motion without prejudice. Respondent may renew his motion in the event that Petitioner is
6  found competent and the stay pending a competency determination is lifted.

*   *   *

Good cause appearing therefor,

(1) Petitioner's Motion to File Motion and Declaration of Counsel Under Seal, (Doc. No. 35), is granted;

(2) Petitioner shall file his Motion to File Motion and Declaration of Counsel Under Seal and the accompanying declaration in the public record with privileged and protected statements redacted;

(3) Petitioner's Ex Parte Motion to Stay Proceedings and for Equitable Tolling Pending Determination of Petitioner's Competency is granted;

(4) Equitable tolling of the federal habeas statute of limitations is granted nunc pro tunc to October 6, 2011; Petitioner shall not file his finalized petition pending further order of the Court;

(5) The parties shall meet and confer and, within forty-five days after the present order is filed, shall file a joint case-management statement that includes a proposed schedule for determining Petitioner's competence; and

(6) Respondent's Motion for Leave to File Motion for Reconsideration of Discovery Order, (Doc. No. 34), is denied without prejudice.

**IT IS SO ORDERED.**

DATED: November 28, 2011

_____
EDWARD M. CHEN
United States District Judge