UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Darren Cornelius STANLEY,<br><br>              Petitioner,<br><br>    v.<br><br>Michael MARTEL, Acting Warden of San Quentin State Prison,<br><br>              Respondent. | Case Number 3-7-cv-4727-EMC<br><br>**DEATH-PENALTY CASE**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S SECOND MOTION FOR DISCOVERY**<br><br>**(Docket No. 41)** |

    Proceedings in the present capital habeas action are stayed pending a determination of Petitioner's competency. (Doc. No. 39 at 2.) However, the Court has carved out an exception to this stay for discovery granted for preservation purposes. (*Id.* at 3.)

    In particular, Petitioner is to depose his brother, Isaac Stanley, who was a key prosecution witness and is terminally ill. (Doc. No. 33 at 3.) In connection with this deposition, Petitioner wishes to discover possible *Brady* material regarding a felony prosecution against Isaac Stanley that was dismissed by motion of the prosecutor, purportedly in exchange for Isaac Stanley's testimony against Petitioner. This material allegedly was suppressed and only recently was found at the Wiley Manuel Branch Courthouse of the Alameda Superior Court, where it is filed under seal. (Doc. No. 41 at 2–3.)

    Petitioner contends that the Alameda Superior Court "lacks jurisdiction" to disclose the

restricted material, citing *Gonzalez v. Wong*, No. 08-99025, 2011 WL 6061514, at *5 (9th Cir. Dec. 7, 2011), and a request to that court for the material would therefore be futile. (Doc. No. 41 at 3.) However, in the present matter, unlike *Gonzalez*, Petitioner seeks a document in the court's own file, over which the court has direct control, from a case that never was appealed to a higher court. *Gonzalez* is therefore inapplicable. Petitioner should apply directly to the Alameda Superior Court for access to the restricted material; if such application is denied, Petitioner may return to this Court to renew his discovery request. In the meantime, in light of the urgency created by Isaac Stanley's abbreviated life expectancy, and as suggested by Respondent, (Doc. No. 42 at 3 n.2), the restricted material shall be lodged with this Court so that the Court may promptly review it in camera should such a review become appropriate.

Petitioner also seeks discovery of documents in the possession of the Alameda County Auditor's Office. This request is unopposed, and there is good cause to grant it. (Doc. No. 41 at 4.)

\* \* \*

Good cause appearing therefor, the Court **GRANTS IN PART AND DENIES IN PART** Petitioner's second motion for discovery, (Doc. No. 41).

(1) The Court denies without prejudice Petitioner's request to issue a subpoena duces tecum to the Wiley Manuel Branch Courthouse, Alameda County, for records, documents, or writings of any kind marked "RESTRICTED" or "confidential" (by whomever so designated) in *People v. Isaac Stanley*, Case No. 337418, a case of aggravated battery with infliction of serious bodily injury under Penal Code § 243(d) dismissed upon oral motion of the prosecutor on July 17, 1990.

(2) A copy of all records, documents, or writings of any kind at the Wiley Manuel Branch Courthouse, Alameda County, that are marked "RESTRICTED" or "confidential" (by whomever so designated) in *People v. Isaac Stanley*, Case No. 337418, a case of aggravated battery with infliction of serious bodily injury under Penal Code § 243(d) dismissed upon oral motion of the prosecutor on July 17, 1990, shall be lodged under seal with the Court's Death Penalty Staff Attorney, George O. Kolombatovich, for possible

1 | review in camera.

2 | (3) The Court grants Petitioner's request to issue a subpoena duces tecum to the Alameda County Auditor's Office for all records, documents, letters, affidavits, bill statements, accountings, cancelled checks, ledgers, or writings of any kind concerning funds sought, allocated, utilized, spent, or refused by counsel for Darren Stanley in the case of *People v. Stanley*, No. 103289 or No. 314662, including Walter Cannady, Richard Hove, Richard Humphrey, and Lincoln Mintz, including but not limited to all funds requested and disbursed or refused pursuant to Penal Code § 989.9, and interim or final accountings pursuant to § 987.2.

This order disposes of Docket No. 41.

IT IS SO ORDERED.

DATED: January 17, 2012

_____
EDWARD M. CHEN
United States District Judge