UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Darren Cornelius STANLEY,<br><br>    Petitioner,<br><br>    v.<br><br>Michael MARTEL, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 3-7-cv-4727-EMC<br><br><u>DEATH-PENALTY CASE</u><br><br>ORDER GRANTING IN PART PETITIONER'S THIRD MOTION FOR DISCOVERY & PROTECTIVE ORDER<br><br>[Doc. No. 45] |

In this capital habeas action, the Court previously granted Petitioner leave to depose his trial counsel, Walter Cannady and Richard Hove, in connection with allegations that trial counsel rendered ineffective assistance. (Doc. No. 33 at 3.) The Court subsequently stayed proceedings, including the depositions of trial counsel, pending a determination of Petitioner's competence. (Doc. No. 39 at 2–3.) However, the Court carved out an exception to this stay for discovery granted for preservation purposes. (*Id.* at 3.)

Petitioner now seeks leave to proceed with the depositions of trial counsel for preservation purposes owing to both attorneys' advanced age along with Cannady's presumptive retirement and Hove's disbarment. (Doc. No. 45 at 2.) When the parties met and conferred to discuss Petitioner's request, "[R]espondent offered to agree to the depositions on the condition that [P]etitioner provide [R]espondent with copies of trial counsel's files." (*Id.* at 3.)

1  Petitioner contends that Respondent's condition is unreasonable due to "two aspects of
2 the situation which are asymmetrical between the parties." The first such aspect is that
3 Petitioner's trial counsel have a professional obligation to coöperate with his current counsel,
4 whereas Respondent "is barred from breaching that confidentiality which exists until a finding of
5 waiver by the filing of a finalized petition alleging ineffective assistance or, in this instance, by
6 specific questioning at the deposition, as to which Respondent can cross-examine." The second
7 such aspect is "Petitioner's burden of pleading particularized facts, and ultimate burden of proof
8 of his claims." According to Petitioner, in light of this asymmetry, "Respondent's interests are
9 fully protected by cross-examining trial counsel, either upon the documents Petitioner's counsel
10 puts into play as exhibits, or in due course after the pleading stage is complete." (*Id.* at 2.)

11  Petitioner's arguments ignore the reason that depositions may be conducted for
12 preservation purposes, which is to perpetuate testimony that otherwise may be lost. *See*
13 *Calderon v. U.S. Dist. Ct. (Thomas)*, 144 F.3d 618, 621–22 (9th Cir. 1998). If future depositions
14 of trial counsel are contemplated, then there is no need to perpetuate their testimony at this time.
15 On the other hand, if immediate depositions are necessary because trial counsel never again may
16 be able to testify, then Respondent must be afforded the right to cross-examine trial counsel as
17 thoroughly as if the testimony were being given at an evidentiary hearing in open court. This
18 means that Respondent must have access to trial counsel's files in the same manner that he
19 would at an evidentiary hearing.

20  Petitioner's claim that the attorney-client privilege and the protection of the attorney-
21 work-product doctrine cannot be waived until he commences the depositions or files a finalized
22 petition alleging ineffective assistance is of no moment. For one thing, there already is a petition
23 on file in this matter in which Petitioner alleges ineffective assistance. (Doc. No. 5-1 at 93–100;
24 Doc. No. 5-2 at 1–2 (claim 7); Doc. No. 5-3 at 11–21 (claim 25); *id.* at 77–89 (claims 34–38); *id.*
25 at 95–101; Doc. No. 5-4 at 1–17 (claims 40–44); *id.* at 39–55 (claims 48–53); *id.* at 73–75 (claim
26 58)). More importantly,

27  district courts have the obligation, whenever they permit discovery
  of attorney-client materials as relevant to . . . ineffective assistance
28  of counsel claims in habeas cases, to ensure that the party given

>such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.

*Bittaker v. Woodford*, 331 F.3d 715, 727–28 (9th Cir. 2003). The Court "must enter appropriate orders clearly delineating the contours of the limited waiver *before* the commencement of discovery, and strictly police those limits thereafter." *Id.* at 728 (emphasis added). Accordingly, the Court has the power as well as the obligation to impose an implied, narrow waiver and to issue an appropriate protective order now, before trial counsel are deposed to perpetuate their testimony.

Respondent raises several arguments in opposition to Petitioner's request to depose trial counsel for preservation purposes. (Doc. No. 45 at 3–5.) The Court need not address these arguments as Respondent is amenable to Petitioner's request if he receives a copy of trial counsel's files, which is precisely what the Court is ordering.

\* \* \*

Good cause appearing therefor, the Court grants in part Petitioner's Third Motion for Discovery, (Doc. No. 45).

Petitioner Darren Cornelius Stanley, by and through his counsel of record, may schedule and conduct the depositions of Walter Cannady and Richard Hove at a time and place acceptable to counsel for Respondent if Petitioner's counsel first provides Respondent's counsel with a copy of Cannady's and Hove's files regarding Petitioner, including all documents and information in the files that are protected by the attorney-client privilege or the attorney-work-product doctrine.

All documents and information protected by the attorney-client privilege or the attorney-work-product doctrine (including but not limited to privileged documents in trial counsel's and the prosecution's files as well as parts of depositions revealing privileged communications) are "Privileged Protected Materials" pursuant to this Protective Order.

Privileged Protected Materials shall be revealed to and used by only the parties' attorneys, experts, and consultants (and persons working under their direct supervision), only for litigating the present action. Disclosure of the contents of Privileged Protected Materials shall

not be made to any other persons or agencies, including any other law-enforcement or prosecutorial personnel or agencies, without prior authorization from this Court. The disclosure of Privileged Protected Materials in the course of the present action does not constitute a waiver of the attorney-client privilege or the protection of the attorney-work-product doctrine.

In the event that a party wishes to submit to the Court any Privileged Protected Materials (or briefs or other materials disclosing the contents of Privileged Protected Materials), the party shall do so under seal. However, copies of briefs or other materials disclosing the contents of Privileged Protected Materials shall be filed in the public record with the disclosure of the contents of the Privileged Protected Materials deleted and such deletion noted as made pursuant to this Protective Order.

This Protective Order shall continue in effect after the conclusion of the present action and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. The parties may request modification or vacation of this Protective Order upon entry of final judgment in the present action.

This order disposes of Docket No. 45.

IT IS SO ORDERED.

DATED: January 24, 2012  _____
EDWARD M. CHEN
United States District Judge