1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DARREN CORNELIUS STANLEY, | Case No: C-07-4727 EMC |
|---|---|
| Petitioner, | **DEATH PENALTY CASE** |
| v. | **STIPULATED PROTECTIVE ORDER RE ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY AND SUBPOENA DUCES TECUM TO THE CLERK OF THE ALAMEDA COUNTY SUPERIOR COURT; [PROPOSED] ORDER** |
| MICHAEL MARTEL, Acting Warden of San Quentin State Prison, | |
| Respondent. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information, including but not limited to juror identifying information and other personal matter, and confidential, sealed documents relating to the funding of Petitioner's defense, for which special protection from public disclosure and from use for any purpose other than Petitioner's petition for a writ of habeas corpus would be warranted. Accordingly, Petitioner Darren Cornelius Stanley ("Petitioner"), by and through his attorneys of record, and Non-Party the Clerk of the Superior Court of California, County of Alameda ("the Superior Court"), whose records have been subpoenaed by Petitioner, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1  Party:  Petitioner, including his counsel and their staff.

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in response to the Order Granting Petitioner's Motion for Discovery filed on October 26, 2011 (Dkt. No. 33) and Petitioner's subpoena duces tecum ("Subpoena") to the Clerk of the Superior Court of California, County of Alameda, for documents in the case of *People v. Stanley,* Alameda Superior Court Action No. 103289, dated November 2, 2011.

2.3  Confidential and Protected Document: for purposes of this Agreement, the term "Confidential and Protected Document" shall be deemed to refer to the following documents which were located in response to Petitioner's Subpoena after a careful and thorough search of documents in the possession, custody or control Superior Court: (1) Juror questionnaires containing the juror's full name or other personal identifying information (address and telephone number), and the full names of the juror's children, their children's spouses, and the juror's household members, or other personal identifying information or matter; and (2) Documents concerning funds sought, allocated, utilized, spent, or refused by counsel for Petitioner including, but not limited to, funds requested and disbursed or refused pursuant to California Penal Code section 987 *et seq.*, that were filed or lodged confidentially under seal.  Neither the Superior Court nor Party shall be required to specifically

1

designate any page "Confidential" in order for that designation to apply or to bind Party to the provisions of this Stipulation.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Confidential and Protected Documents (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, exhibits, or presentations by parties or counsel to or in court, during discovery and depositions, or in other settings that might reveal Confidential and Protected Documents.

4. DURATION

Even after the termination of Petitioner's federal habeas proceedings, the confidentiality obligations imposed by this Order shall remain in effect until the Superior Court and all Parties agree otherwise in writing or a court order otherwise directs.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 Object in Writing. Petitioner may object in writing to the designation of a document as confidential and protected. If the Superior Court and Petitioner are unable to resolve an objection within fourteen days of making the objection, the party making the objection may submit the issue to the Court for resolution. Until the Court resolves the issue, the material shall be treated as confidential. The failure of a Party to challenge the confidentiality of a document will not constitute an admission that the document is or is not confidential. Nor will such failure constitute an admission that the document is or is not admissible.

6. ACCESS TO AND USE OF CONFIDENTIAL AND PROTECTED DOCUMENTS

6.1 Provisions. The following provisions shall govern the use of a "Confidential and Protected Document" by the person(s) to whom such Document is produced, whether disclosed for purposes of preparing a federal habeas petition or otherwise disclosed in response to Petitioner's Subpoena to the Superior Court.

(a) All Confidential and Protected Documents disclosed in response to the Subpoena (and any copy, excerpt, digest, summary, or compilation thereof) can only be viewed by Petitioner's attorneys of record in these proceedings, and the attorneys' necessary staff, who all hereby agree to be bound by this Order.

STIPULATED PROTECTIVE ORDER & [PROPOSED] ORDER [C 07-4727 EMC]

        (b)   Neither Petitioner nor the Superior Court have the obligation to affirmatively mark Confidential and Protected Documents subject to the provisions of this Stipulation as "Confidential."

        (c)   Any Confidential and Protected Document (and any copy, excerpt, digest, summary, or compilation thereof) and the information contained therein will be used only for the purpose of preparing a federal habeas petition and related proceedings.

        (d)   Prior to introduction of Confidential and Protected juror questionnaires (and copies, excerpts, summaries, or compilations thereof), in pleadings, filings, as exhibits or evidence, in testimony or conversations, to or in court or at deposition, or in any other setting that might reveal a Confidential and Protected Document, Petitioner's attorney(s) desiring to introduce or rely on said Document will redact the last name of the juror, except for the first letter of the last name (the "last initial"), from the Document and identify and refer to each juror solely by his or her first name and last initial (i.e., John S.). The attorney(s) desiring to introduce or rely on said Document will also redact the last name, except for the last initial, of the juror's children, the children's spouses, and any household members listed or identified in Sections 4 thru 7 of the juror questionnaires, and identify and refer to each such individual, solely by their first name and last initial.

        (e)   With respect to Confidential and Protected Documents related to the funding of Petitioner's defense, no such Document (or memoranda or filing referring to said Document) shall be filed or lodged except confidentially under seal pursuant to California Penal Code section 987 *et seq.*, and in accordance with USDC Local Civil Rule 79-5, unless otherwise ordered.

        (f)   All Confidential and Protected Documents obtained in response to the Subpoena, as well as all notes, copies or other reproductions of the text of the Documents, however made, shall be returned to counsel for the Superior Court who produced the Documents or destroyed upon request at the conclusion of these proceedings.

        (g)   In the event that a Confidential and Protected Document is introduced into evidence or otherwise filed with the Court during the pendency of the federal habeas petition and related proceedings, counsel introducing or filing such document will, at the conclusion of these proceedings, promptly request return of such document and, upon receipt thereof, shall return the document to the party who produced it or destroy it.

3

(h) All provisions herein regarding confidentiality and non-disclosure of any Confidential and Protected Document and the information contained therein shall continue to be in force after the conclusion of this action or the return of any document.

7. MISCELLANEOUS

7.1 Right to Further Relief. Nothing in this Order abridges the right of any Party or person to seek its modification by the Court in the future.

7.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no person waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no person waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

8. LIMITED UNSEALING

8.1 Whereas the Clerk of the Superior Court contends that the Clerk lacks authority under state law to disclose or stipulate to the disclosure of certain records that are responsive to the Subpoena and, in particular, confidential records filed and maintained under seal pursuant to California Penal Code section 987 *et seq.*, absent an appropriately-made court order unsealing the records.

8.2 Whereas Petitioner contends that his legal representatives are entitled as successors in interest to trial counsel for purposes of the prosecution of a writ of habeas corpus on his behalf in this Court to obtain said documents;

8.3 WHEREFORE, Petitioner is requesting that this Court determine in the context of these proceedings that those confidential records filed and maintained under seal in the Superior Court and responsive to the Subpoena be ordered unsealed and disclosed, to Petitioner and his attorneys only, for the limited purposes set forth hereinabove, and subject to the provisions of this Stipulated Protective Order.

**IT IS SO STIPULATED.**

Dated: February 3, 2012

By:_____
    Roger I. Teich
    David A. Nickerson
    Attorneys for Petitioner
    DARREN CORNELIUS STANLEY

4

Dated: February 3, 2012

By: _____
    Kimberly M. Drake
    Attorneys for Non-Party
    Clerk of the Superior Court of California, County of Alameda

## ORDER

Any and all documents located by the Clerk of the Superior Court of California, County of Alameda, in response to Petitioner's Subpoena, after a reasonably diligent search, shall be disclosed to Petitioner's attorneys of record, for the limited purposes set forth hereinabove, subject to the provisions of this Stipulation. Any confidential records filed under seal pursuant to California Penal Code section 987 *et seq.* are hereby ordered unsealed and disclosed to Petitioner for the limited purposes set forth hereinabove and subject to the provisions of this Stipulation.

**IT IS SO ORDERED.**

DATED: March 5, 2012      _____
    EDWARD M. CHEN
    United States [Magistrate Judge]

*IT IS SO ORDERED — Judge Edward M. Chen*