**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN CORNELIUS STANLEY,

       Petitioner,

    v.

KEVIN CHAPPELL, Acting Warden of San
Quentin State Prison,

       Respondent.

_____/

No. C-07-4727 EMC

**DEATH PENALTY CASE**

**ORDER SETTING PROCEDURES FOR
COMPETENCY EXAMINATION;
PROTECTIVE ORDER**

     The parties to this capital habeas action previously agreed, and the Court found, that
"Petitioner has submitted sufficient evidence to require the Court to determine Petitioner's
competency." (Doc. No. 56 at 1.) The parties then filed a Joint Case-Management Statement Re:
Competency Procedures and Objections; Protective Order; and Discovery, (Doc. No. 57), as well as
additional briefing, (Docs. Nos. 58 & 59), in which they outlined their views regarding how a
competency determination should proceed. Subsequently, the parties filed stipulations, (Docs. Nos.
62 & 63), that resolved some of the issues discussed in the Joint Statement, and the Court adopted
those stipulations as orders, (Docs. Nos. 64 & 65). The remaining issues are now ripe for the Court
to resolve.

     Another judge on this Court recently developed proceedings for a competency determination
in a capital habeas action. *Hill v. Cullen*, No. 4-94-cv-641-CW (N.D. Cal. filed Feb. 24, 1994) (Doc.
No. 295) (Order Setting Procedures for Competency Examination); *see also id.* (Doc. No. 312)
(Order Regarding Competency Evaluations); *id.* (Doc. No. 323) (Order Finding Restoration of

United States District Court
For the Northern District of California

Petitioner's Competency).  The Court finds *Hill* persuasive in establishing appropriate procedures to determine a capital habeas petitioner's competency and the reasons therefor.

Accordingly, any examination of Petitioner by the State's examiner, Dr. Daniel A. Martell,[1] shall be conducted pursuant to the following procedures, which are based on *Hill*.  The same procedures shall be put in place should Petitioner's counsel seek any further examination of Petitioner by their designated examiner, Dr. Amanda Gregory.

Petitioner shall be examined by Dr. Martell, and may be reexamined by Dr. Gregory, within sixty days of the entry of the present Order, which incorporates a Protective Order as provided for herein governing the use and disclosure of information as set forth below.[2]  The examination and assessment shall be for the sole purpose of assessing Petitioner's present competency in the context of the present habeas corpus action, including the assessment of his ability to communicate with, and assist, counsel.  The examinations and any information obtained in connection with the examinations shall not be used for any other purpose.  No one, including the parties, their counsel, and their expert witnesses, shall disclose to anyone any information regarding the examinations of Petitioner and the subsequent reports except as expressly delineated herein.  In particular, no one shall disclose

---

[1]  Petitioner objects to Dr. Martell.  (Doc. No. 57 at 16–21.)  Petitioner primarily contends that Dr. Martell is biased.  However, as Petitioner acknowledges, "Bias goes to the weight of the evidence, not its admissibility."  (*Id.* at 20.)  Petitioner also alleges that "Dr. Martell violated a protective order in a federal case which required him to file his report under seal, and to not discuss his findings or opinions with the prosecution team," and he then signed an incomplete affidavit to avoid responsibility for the violation.  (*Id.* at 19.)  These allegations relate to a federal capital prosecution in New Mexico in 1997, as outlined in a letter signed by the United States Attorney for New Mexico.  *See Odle v. U.S. Dep't of Justice*, No. 3-5-cv-2711-MMC (N.D. Cal. filed July 1, 2005) (FOIA litigation about Dr. Martell) (Doc. No. 27-1 at 55–58).  The United States Attorney wrote, "a reasonable person could conclude that Dr. Martell's affidavit was incomplete and that the court's order had been violated."  *Id.* (*id.* at 57.)  In light of this letter, and considering that Dr. Martell will have access to confidential material in the present action if he serves as an expert witness, the Court is gravely concerned about the allegations.  However, rather than exclude Dr. Martell from this action altogether, the Court hereby admonishes Dr. Martell that he will be cited for contempt if he improperly reveals confidential information about Petitioner or otherwise violates any order of the Court, including the present Order.  Prior to being permitted to examine Petitioner, Respondent shall file a declaration signed by Dr. Martell that states that Dr. Martell has read the present Order and that he acknowledges this admonishment.  Upon the filing of such a declaration, Petitioner's objection will be overruled.

[2]  Petitioner's request that the Court take judicial notice of stipulated protective orders regarding competency proceedings in two federal habeas actions in the District Court for the Eastern District of California, (Doc. No. 60), is granted.

**United States District Court**
For the Northern District of California

1   information regarding the examinations or the experts' reports to any law-enforcement or

2   prosecutorial personnel or agencies without prior order of the Court.  No statement made by

3   Petitioner in the course of the competency examinations, no testimony by Drs. Martell and Gregory

4   and any other witnesses based upon such statements, and no fruits of any such statements shall be

5   offered or admitted into evidence by or against Petitioner on any issue other than Petitioner's current

6   competency.  This Protective Order shall continue in effect after the conclusion of the present action

7   and specifically shall apply in connection with all state-court proceedings including a retrial of all or

8   any portion of Petitioner's criminal case.  Any testimony in this action in which these reports are

9   referenced shall be held in such a way that the contents of these reports remain confidential and are

10  not disclosed to any persons but the parties and the Court.  Such testimony may be subject to

11  disclosure beyond the limitations stated in this Order only upon a prior determination by the Court

12  that specific, identified information is not protected.  Such a determination shall be made only after

13  Petitioner or Respondent serves a motion providing notice of the specific information that he

14  contends is not protected and the other party is given an opportunity to object to the use or

15  disclosure of the information.

16          Within fifteen days after the entry of the present Order, each party shall provide Drs. Martell

17  and Gregory with any evidence he wishes to be included in the evaluation.

18          The interview and testing sessions shall take place in the psychological conference room at

19  San Quentin State Prison.[3]  Petitioner's two attorneys shall not be permitted in the examination room

20  during the examination(s), but shall be permitted to be close enough to the examination room in

21  which Petitioner is being examined so that either or both of them can consult with Petitioner as

22  needed pursuant to his requests.  The named examiners shall permit Petitioner a reasonable

23  opportunity for confidential consultations with counsel.

24          The competency examinations shall be videotaped and audio recorded so that the parties and

25  the Court may review the examination if necessary.  Counsel for Petitioner shall have the

26  ─────────────────

27          [3]  The parties may stipulate without further order of the Court to any extensions of time
    necessitated by the unavailability of the psychological conference room at San Quentin State Prison.

28

3

**United States District Court**
For the Northern District of California

1   opportunity to review the videotape of the entire examination of Petitioner by the State's examiner,

2   and to raise objections to the scope and method of the examination, prior to the release of any video,

3   tape, transcript, reports, or notes of the examination to counsel for Respondent, or their

4   representatives.  Counsel for Petitioner shall have twenty-one days from the date of their receipt of

5   any video or tape recording of the examination to review it and to file their objections.  If any

6   objections are filed, the Court will then determine the procedure to be used to resolve the objections.

7   　　　No later than fifteen days before the examination by the State's examiner, counsel for

8   Petitioner shall be informed in writing of any tests or assessment instruments that the State's

9   examiner proposes to use in the examination.  Petitioner's counsel shall have ten days from the date

10  of their receipt of such notice to tender any written objections to any test or assessment instrument to

11  counsel for Respondent.  Counsel for Respondent shall then decide, in consultation with the State's

12  examiner, whether or not to proceed with the proposed test or assessment device.  If counsel for

13  Petitioner have tendered a written objection to a test or assessment instrument that is given to

14  Petitioner, they shall be permitted to file an objection in this Court to the release of the results of

15  such test or assessment instrument prior to its dissemination to counsel for Respondent.  Petitioner

16  may also object, in this Court, prior to any hearing on the issue of competency, to the use of any test

17  or assessment instrument as a basis for the State examiner's opinion on Petitioner's competency.

18  　　　Counsel for Respondent shall also, no later than fifteen days before the proposed

19  examination date, provide Petitioner and his counsel with notice of the scope of the examination, by

20  tendering a written description of the general subjects (e.g., Petitioner's history, his understanding of

21  the present procedural posture of the case, his ability to communicate with counsel, etc.) to be

22  addressed during the examination.  As with the tests and assessment devices, counsel for Petitioner

23  shall be permitted to tender objections to Respondent's counsel no later than four days before the

24  examination to subject matters that Petitioner's counsel contend are outside the scope of a

25  competency examination.  Counsel for Respondent and the State's examiner shall then decide

26  whether to proceed with the inquiry to which Petitioner's counsel objects.  If a decision is made in

27  favor of proceeding in view of the objection, counsel for Petitioner shall be permitted to refer to the

28  objection as a basis for asking this Court to redact that portion of the examination from the record of

United States District Court

For the Northern District of California

1  the examination, or for objecting in this Court to the use of that portion of the examination as a basis

2  for any opinion of the State's examiner on the issue of Petitioner's competency.  Whether he tenders

3  objections to Respondent's counsel or not, he shall be permitted to object in this Court to the scope

4  of the examination conducted prior to any decision by this Court on the question of his present

5  competence.

6       Petitioner's counsel shall be provided with a videotape and/or a transcript of the examination

7  within seven days of the completion of the examination.  Counsel shall then have twenty-one days to

8  review the recording and/or transcript, and to inform counsel for Respondent, in writing, whether

9  there are objections to some or all of the content of the examination.  At the same time, counsel for

10  Petitioner shall file objections with the Court sufficient to allow the Court to determine whether a

11  hearing on those objections will be warranted prior to any hearing on the merits of the issue of

12  Petitioner's competency.

13       After the Court resolves any objections filed by Petitioner, Dr. Martell shall, and Dr. Gregory

14  may, submit a report informing the Court and the parties of his or her opinions and the supporting

15  data.  Any report submitted to the Court shall list any materials considered in conducting the

16  examination, state the clinical basis for any diagnosis, and answer (1) whether Petitioner has the

17  capacity to appreciate his position and make rational choices with respect to proceedings in this

18  Court; (2) whether Petitioner is suffering from a mental disease, disorder, or defect that may

19  substantially affect his capacity; and (3) whether Petitioner has the capacity to communicate

20  rationally with counsel regarding this matter.

21       Within thirty days after the completion of the submission of the reports by Drs. Martell and

22  Gregory, counsel for the parties shall meet and confer to make a good-faith attempt to reach an

23  agreement about Petitioner's competency and an appropriate course of action.  Within thirty days

24  ///

25  ///

26  ///

27  ///

28  ///

1   after counsel meet and confer, they shall file a joint statement outlining the parties' view or views

2   regarding Petitioner's competency and an appropriate course of action.

3

4          IT IS SO ORDERED.

5

6   Dated:  August 29, 2012

7                                                              _____

8                                                              EDWARD M. CHEN
                                                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California