UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Acting Warden of San Quentin State Prison,<br><br>    Respondent.<br>_____/ | No. C-07-4727 EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING IN PART PETITIONER'S ADMINISTRATIVE MOTION TO FILE OBJECTION AND EXHIBITS UNDER SEAL** |

    In this capital habeas action, the Court previously issued its Order Setting Procedures for Competency Examination; Protective Order. (Doc. No. 66.) Pursuant to that order, Respondent's examiner, Dr. Daniel A. Martell, examined Petitioner.

    Petitioner moves for leave to file under seal an objection to a portion of Dr. Martell's examination, as well as a transcript and DVDs of the complete examination. (Doc. No. 73.) The motion is granted in part as indicated herein.

    The prior order provides that Dr. Martell's examination is confidential, and it specifies that Petitioner may file objections regarding the examination prior to the release of the transcript and DVDs to Respondent's counsel. (Doc. No. 66 at 3–4.) Accordingly, Petitioner may file the transcript and the DVDs under seal, and he shall do so within seven days after the present order is posted.

    However, "Petitioner does not object to this Court making a determination that the specific, identified information in Petitioner's Objection to Portion of Dr. Martell's Examination is not protected, and . . . should be publicly-filed with the Clerk of the Court by means of the CM/ECF

system." (Doc. No. 73 at 3.) The Court cannot discern any basis for finding otherwise. Accordingly, Petitioner shall file his objection publicly within seven days after the present order is posted.

Prior to Dr. Martell's examination, Petitioner tendered to Respondent twenty-one objections regarding the examination, and he filed his objections with the Court. (Doc. No. 71.) These objections appear to be moot. However, if Petitioner would like the Court to rule on any of these objections, he shall re-file such objections within seven days after the present order is posted.

Respondent may respond to Petitioner's objections within fourteen days after the objections are filed. Petitioner may reply to Respondent's response within seven days after the response is filed. The Court will then resolve the objections.[1]

In their briefs regarding the objections, the parties need not discuss the recent opinion of the Supreme Court of the United States in *Ryan v. Gonzales*, No. 10-930, 2013 WL 68690 (U.S. Jan. 8, 2013) (holding that an incompetent capital habeas petitioner does not have a right to a stay of proceedings but a district court has discretion to stay proceedings). The Court will be interested in the parties' views of *Gonzales* when they submit their joint statement following the submission of Dr. Martell's report.

IT IS SO ORDERED.

Dated: January 22, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court notes preliminarily that is not inclined to exclude any information that is relevant to Petitioner's competency, that it appears that the protective order may be sufficient to protect Petitioner's rights, and that it is unclear how inclusion of the portion of the examination at issue would prejudice Petitioner. Moreover, in viewing the DVDs in context, it appears that Petitioner may not have been asking to speak with his attorney when he merely may have been observing that his attorneys, not Petitioner himself, would know the answer to Dr. Martell's question as to what the "attorneys now need to know" to work on Petitioner's case.

2