UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL MARTEL, Warden, San Quentin Prison<br><br>    Respondent.<br>_____/ | No. C-07-4727 EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR *BRADY/NAPUE* PRESERVATION DISCOVERY**<br><br>**(Docket No. 74)** |

    Proceedings in this capital habeas action are stayed pending a determination of Petitioner's competency, except for discovery granted for preservation purposes. (Doc. No. 39 at 2–3.) Pursuant to this exception, Petitioner seeks leave to conduct discovery regarding his claims that the prosecution suppressed evidence that was favorable to Petitioner and that the prosecution presented false evidence at Petitioner's trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). The Court **GRANTS** Petitioner's Motion.

## I.    INTRODUCTION

    "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Habeas Corpus R. 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at

1  908–09 (internal quotation marks, ellipsis, and citation omitted).[1]  When good cause exists, "it is the
2  duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at
3  909.  Accordingly, to prevail on his Motion, Petitioner must show good cause for the discovery and,
4  in light of the stay of proceedings, a need to conduct the discovery for preservation purposes.[2]

## II. DISCUSSION

A. Isaac Stanley

Petitioner's brother Isaac Stanley was a critical witness for the prosecution at Petitioner's trial in 1991:  Isaac identified Petitioner as the killer of Rudy Rubalcava; Isaac testified that Petitioner was not intoxicated at the time of the offense; and Isaac testifed that Rubalcava yelled "this guy tried to rob me," thereby providing evidence of the robbery-murder special circumstance.  In addition, Isaac testified that he did not receive any benefit from the prosecution for his testimony.  However, prior to his recent death, Isaac gave a preservation deposition in 2012 in connection with the present federal habeas proceedings.  At that deposition, Isaac largely recanted his trial testimony: he stated that Petitioner was intoxicated at the time of the offense, that Petitioner acted in self-defense, and that Rubalcava did not yell anything about being robbed.  In addition, Isaac claimed that criminal charges against him were dropped in exchange for his testimony against Petitioner.

A California Youth Authority evaluation of Petitioner apparently contained allegedly exculpatory evidence regarding Petitioner's mental health.  This report was not provided to Petitioner's trial counsel.

Criminalist Alan Keel testified for the prosecution at Petitioner's trial.  Keel linked the blood on sneakers that purportedly belonged to Petitioner with the victim's blood.  The prosecution did not disclose to the defense that Keel was disciplined for improprieties at his laboratory.

---

[1] As indicated, and contrary to Respondent's suggestion, (*e.g.*, Doc. No. 84 at 12), the standard is whether Petitioner *may* be able to establish that he is entitled to relief, not that he necessarily will do so.

[2] The limitations of Federal Rule of Civil Procedure 27 do not bar conducting the discovery for preservation purposes, as a fully exhausted federal habeas Petition is already pending, (Doc. No. 5), and the discovery sought is related to Claims 46 and 47 in that Petition, (Doc. No. 5-4 at 25–38.) *Cf. Calderon v. United States Dist. Ct. ("Thomas")*, 144 F.3d 618, 622 (9th Cir. 1998).

B.  Depositions and Subpoenas

Petitioner already has developed substantial evidence regarding these issues. (*See* Doc. No. 74 at 14–17, 19–23.) Petitioner now wishes to perpetuate the testimony of five adverse witnesses regarding these issues: former prosecutor Theodore Landswick; former Alameda district attorney inspector Robert Gannon; former Oakland police officers Ignatius Chin and Michael Sitterud; and Keel. If the facts regarding these claims are fully developed, Petitioner may be able to demonstrate that he is entitled to relief. The testimony of these five individuals is needed to develop these claims. Accordingly, Petitioner has established good cause for the depositions. *See McDaniel v. United States Dist. Ct. ("Jones")*, 127 F.3d 886 (9th Cir. 1997). In addition, Petitioner may take these depositions for preservation purposes, as these individuals are somewhat elderly (in their 50s, 60s, and 70s); decades already have passed since Petitioner's trial; and Petitioner adequately explains the substance of the testimony he seeks to obtain, as Petitioner intends "to confirm the known details and establish the bad faith element of his *Brady*/*Napue* claims," (*id.* at 25). *See Thomas*, 144 F.3d 618 (9th Cir. 1998); *Wagenkecht v. Stinnes*, 250 F.2d 414 (D.C. Cir. 1957).

To prepare for these depositions, Petitioner seeks leave to subpoena from the Alameda District Attorney and the Oakland Police Department the case files in *People v. Darren Stanley*, No. 103289; *People v. Isaac Stanley*, Nos. 310738C, 08183429, 320756, 329500A, 332756, and 337418; records relating to investigations of the crime laboratory in 1989–91; records relating to Keel's discharge; and Landswick's and Keel's personnel records. These documents are plainly relevant and necessary for the taking of the depositions. Accordingly, Petitioner is entitled to subpoena the documents.

### III.  CONCLUSION

Good cause appearing therefor, the Court grants Petitioner's Motion for *Brady*/*Napue* Preservation Discovery, (Doc. No. 74).

Petitioner may issue subpoenas duces tecum to the Alameda District Attorney and the Oakland Police Department for their entire case files in *People v. Darren Stanley*, No. 103289; *People v. Isaac Stanley*, Nos. 310738C, 08183429, 320756, 329500A, 332756, and 337418; records

relating to investigations of the crime laboratory in 1989–91; records relating to criminalist Alan Keel's discharge; and Keel's and retired prosecutor Theodore Landswick's personnel records.

Petitioner may schedule and take the depositions of Landswick, Keel, former Alameda district attorney inspector Robert Gannon, and former Oakland police officers Ignatius Chin and Michael Sitterud on dates and at places acceptable to counsel for Respondent.

IT IS SO ORDERED.

Dated: May 10, 2013

_____
EDWARD M. CHEN
United States District Judge