United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY, | No. C-07-4727 EMC |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| KEVIN CHAPPELL, Warden of San Quentin State Prison, | **CASE MANAGEMENT ORDER** |
| Respondent. _____/ | |

Per an Order filed July 16, 2013, the Court referred this action for Alternative Dispute Resolution. This referral was based largely on a finding that Petitioner is permanently incompetent, and therefore unable to make rational choices or to communicate rationally with counsel.[1] Because Petitioner's incompetency raises the possibility that, even if his habeas petition were to be denied, he would not be amenable to execution under *Ford v. Wainwright*, 477 U.S. 399, 422 (1986) (barring execution of "those who are unaware of the punishment they are about to suffer and why they are to suffer it"), the Court found that referral of the matter for good-faith settlement proceedings was a prudent way to potentially avoid expenditure of scarce government and judicial resources.

The July 16, 2013 Order also directed the parties to return to this Court with a joint case management statement presenting a specific ADR plan, as well as a proposed schedule for

---

[1] The parties agreed that Petitioner is incompetent and, in light of that agreement and in accordance with the reports of the three experts who examined Petitioner and submitted reports, the Court found and concluded that Petitioner was permanently incompetent.

1  determining Petitioner's competence under *Ford*. Because they were unable to come to an
2  agreement, the parties submitted separate statements.

### I. ADR PLAN

Petitioner maintains that settlement is still a viable option, and requests referral to a magistrate judge for any further settlement proceedings. Petitioner also suggests that a guardian *ad litem* be appointed to represent Petitioner's interests.

Respondent questions the realistic possibility of settlement, arguing that there is no authority under state law for either the Attorney General's office or the Alameda County District Attorney's office to "settle" a proceeding initiated under 28 U.S.C. section 2254. Respondent does, however, agree with Petitioner that any further settlement proceedings should be conducted with a magistrate judge. Respondent also agrees that a guardian *ad litem* should be appointed to represent Petitioner's interests at any settlement proceedings.

Accordingly, the Court hereby REFERS this matter to **Magistrate Judge Laurel Beeler** for settlement proceedings in accordance with this Order. The Court strongly urges both parties to participate in good faith, to involve the appropriate stakeholders, and to remain cognizant of the issue that will continue to shape this case should adversarial litigation continue, namely that Petitioner has been adjudicated to be permanently incompetent.

### II. DETERMINATION OF *FORD* COMPETENCY

Petitioner requests a budget for a report of *Ford* competency from experts Dr. Robert Hines and/or Dr. Amanda Gregory. Respondent counters that any *Ford* claim is not ripe, and has not been exhausted; therefore, according to Respondent, there is no legal basis for conducting such an inquiry at this juncture.

At this time, the Court will defer any ruling regarding how a *Ford* competency inquiry should proceed.[2] The Court strongly believes that the parties' best efforts should be focused on good-faith settlement negotiations. The Court is fully aware of the caselaw cited by Respondent,

---

[2] The Court reminds the parties that, in its previous Order, the Court found that it was appropriate to make a preliminary determination of Petitioner's competency to be executed. At this juncture, however, the Court finds it most efficacious to defer that determination so that the parties may focus their time and resources on good-faith settlement negotiations.

suggesting that it is premature to consider a *Ford* claim until a death warrant has been issued. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 154-155 (2007). Respondent, however, is certainly aware that, given that Petitioner has already been adjudicated permanently incompetent, there is a strong possibility that Petitioner will be too incompetent to be executed. As it did in its earlier Order, the Court strongly urges Respondent to consider whether it is in its interests to settle this case, rather than to spend taxpayer dollars, and years of litigation, defending a judgment might can never be enforced.

### III. CONCLUSION

Good cause appearing therefor, the Court ORDERS as follow:

(1) This action is referred to Magistrate Judge Laurel Beeler for settlement proceedings in accordance with this Order.[3]

(2) Determination of Petitioner's incompetency under *Ford* is hereby **DEFERRED**.

(3) Petitioner is **GRANTED** ten days to file a motion for appointment of a guardian *ad litem* in Marin County Superior Court, so that a duly-appointed guardian with authority to resolve the matter can attend the settlement conference.

(4) The Case Management Conference scheduled for November 14, 2013 is **CONTINUED** to 9:00 a.m., February 13, 2014. A Joint Case Management Conference Statement shall be filed by February 6, 2014.

IT IS SO ORDERED.

Dated: October 25, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[3] Petitioner requests that the Court recommend that the Magistrate Judge include the Offices of the Governor and the Alameda District Attorney on the service list, as well as invite their representatives to attend any settlement conference. Petitioner also requests that the Court order Respondent to disclose the identity and contact information for any CVRA victim representative, and recommend that the Magistrate Judge invite any such representative to the settlement conference. While the Court has already urged the parties to involve any appropriate stakeholders in the settlement proceedings, the Court will leave any final decision on inclusion of additional parties in the settlement conference to the discretion of the Magistrate Judge.
