**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY, | No. C-07-4727 EMC |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| KEVIN CHAPPELL, Warden of San Quentin State Prison | **ORDER RE SUBPOENAS AND DEPOSITIONS** |
| Respondent. | **(Docket No. 123)** |

_____/

Per an Order filed May 10, 2013, this Court authorized Fed. R. Civ. Pro. 27 depositions in order to preserve the testimony of certain fact witnesses. Since then, this action has also been referred for Alternative Dispute Resolution, and now to Magistrate Judge Laurel Beeler for settlement proceedings. These referrals are based largely on the finding that Petitioner is permanently incompetent, and therefore unable to make rational choices or to communicate rationally with counsel.[1] Because Petitioner's incompetency raises the possibility that, even if his habeas petition were to be denied, he would not be amenable to execution under *Ford v. Wainwright*, 477 U.S. 399, 422 (1986) (barring execution of "those who are unaware of the punishment they are about to suffer and why they are to suffer it"), the Court found that referral of the matter for good-faith settlement proceedings was a prudent way to potentially avoid expenditure

---

[1] The parties agreed that Petitioner is incompetent and, in light of that agreement and in accordance with the reports of the three experts who examined Petitioner, the Court found and concluded that Petitioner was permanently incompetent.

of scarce government and judicial resources.  A settlement conference with Judge Beeler is currently scheduled for January 7, 2014.

Petitioner has now submitted a proposed order for service of subpoenas and payment of fact witnesses, in order to move forward with the preservation depositions previously authorized by the Court.  Based on the fact that the parties are actively involved in settlement proceedings, and in the interest of cost containment and efficiency, the Court hereby **DEFERS** deposition of any fact witnesses until after the currently scheduled settlement conference of January 7, 2014.[2]  The Court urges the parties to focus on settlement, given the unique circumstances of this case.  After the settlement conference, the parties may re-schedule the depositions if necessary.

IT IS SO ORDERED.

Dated:  November 22, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court is well aware that these depositions were authorized to preserve testimony of witnesses who might not be available in the future.  Should there be a particular urgency to depose a certain witness prior to the settlement conference, Petitioner is instructed to notify the Court.

United States District Court
For the Northern District of California

2