UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY, | No. C-07-4727 EMC |
| Petitioner, | |
| v. | **DEATH PENALTY CASE** |
| RON DAVIS, Acting Warden of San Quentin State Prison, | **ORDER RE DETERMINATION OF COMPETENCY FOR EXECUTION** |
| Respondent. | |

Petitioner is under a sentence of death. Per an Order filed February 2, 2015, this Court ordered the parties "to conduct a supplemental mental health examination of Petitioner, focused on the issue of whether Petitioner is permanently incompetent to be executed." Docket No. 163 at 9. Additionally, the Court ordered the parties to jointly submit proposed dates for the exchange of materials, the names and CVs of the proposed examiners, and proposed dates for the examinations themselves. Finally, the Court ordered the parties to jointly determine the scope of the examinations and the questions that should be considered by the examiners. The parties have since submitted two joint statements; based on the parties' statements, the relevant caselaw, and the pleadings and orders in this matter, the Court hereby enters the following Order.

The parties have agreed on the scope of the examinations, the examination procedures, the timing of the examinations and the relevant materials. In addition, both parties have already disclosed their proposed examiners: Dr. Daniel Martell for Respondent, and Dr. Robert Hines and Dr. Amanda Gregory for Petitioner. Having reviewed the parties' joint proposal and found it

reasonable, the Court hereby ADOPTS the parties' joint proposed timeline and examination procedures, and approves appointment of the parties' proposed examiners.[1] The parties shall comply with the timeline set forth in Exhibit A herein.

The parties have not agreed on proposed questions for the examiners. In *Ford v. Wainwright*, 477 U.S. 399, 416-18 (1986), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment prevents the execution "of one whose mental illness prevents him from comprehending the reasons for the penalty or its implications." The Court has since declined "to set down a rule governing all competency determinations." *See Panetti v. Quarterman*, 551 U.S. 930, 943, 960-61 (2007). Nonetheless, this Court must be informed by the holdings of *Ford* and *Panetti* in determining the relevant questions to be considered by the examiners.[2] To that end, the Court hereby ORDERS that the parties' examiners determine the following:

1. Whether Petitioner is aware of the punishment he will suffer if he loses his federal habeas case, and why he is to suffer it.

2. Whether Petitioner has a mental illness that prevents him from comprehending and rationally understanding the reasons for the punishment or its implications.

3. If Petitioner is presently incompetent for execution under the standards of *Ford* and *Panetti*, is his condition fixed and unchangeable such that he should be deemed permanently incompetent to be executed.

///
///
///
///
///

---

[1] As previously ordered and as requested by the parties, the parties may stipulate without further order of the Court to any extension of time necessitated by the unavailability of the psychological conference room at San Quentin State Prison.

[2] The parties do not cite to, nor is the Court aware of, any Ninth Circuit authority on this issue.

The protective order incorporated within the Court's Order of August 29, 2012 remains in place. Docket No. 66 at 2. The case management conference currently scheduled for March 26, 2015 is **VACATED** and rescheduled for August 26, 2015 at 2:30 p.m. No later than July 1, 2015, the parties shall file with the Court a joint letter describing the status of the supplemental examination status.

IT IS SO ORDERED.

Dated: March 25, 2015

_____
EDWARD M. CHEN
United States District Judge

**EXHIBIT A**

1. On or about April 1, 2015, Petitioner's prison records (C-file) will be provided to Petitioner. Petitioner is ORDERED to promptly (within 48 hours) disclose those records to Respondent.

2. All materials that the parties have agreed are relevant to the supplemental examinations, and that are currently in possession of the parties, should be provided to counsel and/or the examiners prior to April 1, 2015.

3. No later than 30 days after the C-file is disclosed to Respondent, Dr. Martell shall conduct his supplemental examination of Petitioner.

4. Counsel for Respondent shall, no later than fifteen days before the proposed examination date, provide Petitioner and his counsel with notice of the scope of the examination, by tendering a written description of the general subjects to be addressed during the examination. Counsel for Petitioner shall be permitted to tender objections to Respondent's counsel no later than four days before the examination to subject matters that Petitioner's counsel contends are outside the scope of the supplemental examination. Counsel for Respondent and Respondent's examiner shall then decide whether to proceed with the inquiry to which Petitioner's counsel objects. If a decision is made in favor of proceeding in view of the objection, counsel for Petitioner shall be permitted to refer to the objection as a basis for asking this Court to redact that portion of the examination from the record of the examination, or for objecting in this Court to the use of that portion of the examination as a basis for any opinion of Respondent's examiner on the issue of Petitioner's competency to be executed.

5. Petitioner's counsel shall be provided with a videotape and/or a transcript of Dr. Martell's examination within seven days of the completion of the examination. Petitioner shall then have twenty-one days to review the recording and/or transcript, and to inform counsel for Respondent, in writing, whether there are objections to some or all of the content of the examination. At the same time, Petitioner shall file any objections with the Court sufficient to allow the Court to

determine whether a hearing on those objections will be warranted prior to any hearing on the merits of the issue of Petitioner's *Ford* competency.

      6.      No later than 30 days after the Court resolves any objections filed by Petitioner, or the time lapses for filing such objections, Dr. Martell will disclose his report to Petitioner.

      7.      No later than 30 days after the submission of Dr. Martell's report to Petitioner, Dr. Hines and/or Dr. Gregory will conduct their supplemental examinations of Petitioner.

      8.      No later than 30 days after their supplemental examinations of Petitioner, Dr. Hines and Dr. Gregory will disclose their reports to Respondent.

      9.      No later than 30 days after the submission of Dr. Hines' and Dr. Gregory's reports to Respondent, the parties shall meet and confer to make a good-faith effort to reach an agreement about Petitioner's *Ford* competency and an appropriate course of action.  Within said 30 days, the parties are also ORDERED to file a joint statement outlining the parties' view or views regarding Petitioner's competency under *Ford*.  The parties shall file the expert reports along with the joint statement.