ROGER I. TEICH
California State Bar No. 147076
290 Nevada Street
San Francisco, CA. 94110
Telephone: (415) 948-0045
E-Mail Address: rteich@juno.com

DAVID A. NICKERSON
California State Bar No. 111885
32 Bridgegate Drive
San Rafael, CA. 94903
Telephone: (415) 507-9097
E-Mail Address: nickersonlaw@comcast.net
*Attorneys for Petitioner*

KAMALA D. HARRIS
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General
MICHELE J. SWANSON
Deputy Attorney General
State Bar No. 191193
455 Golden Gate Ave., Suite 11000
San Francisco, CA. 94102-7004
Telephone: (415) 703-5703
Fax: (415) 703-1234
E-Mail: Michele.Swanson@doj.ca.gov
*Attorneys for Respondent*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>　　　　Petitioner,<br><br>vs.<br><br>RON DAVIS, Warden,<br>San Quentin State Prison,<br><br>　　　　Respondent. | No. 3-7-CV-4727-EMC<br><br>**DEATH PENALTY CASE**<br><br>**JOINT STATEMENT CONCERNING FILING OF FINALIZED PETITION PURSUANT TO DOCKET # 184** |

**JOINT INTRODUCTION**

On December 18, 2015, the Court issued an order, Docket # 184, directing the parties to meet and confer "and submit a joint statement confirming the days remaining for Petitioner to file a finalized petition once the stay is lifted." The Court also indicated that the parties may briefly address other issues, such as the approval of a Phase II budget, that they "deem relevant." Below is the Joint Statement of the parties.

The parties further note that on December 21, 2015, the Court set a Case Management Conference for February 4, 2016. The Joint Case Management Statement of the parties is due to be filed by January 28, 2016.

**Respondent's Position**

On January 5, 2011, this Court denied without prejudice petitioner's first motion for equitable tolling (filed pro per) as premature. (Docket # 10.) On February 11, 2011, this Court appointed federal habeas counsel. (Docket # 11.) On July 26, 2011, this Court granted in part and denied in part petitioner's second motion for equitable tolling, granting him one year from the date of appointment of federal habeas counsel in which to file a finalized petition, or until February 10, 2012. (Docket # 26.) On November 28, 2011, this Court granted petitioner a stay to determine his *Gates* competency, and also granted him equitable tolling nun pro tunc to October 6, 2011, the date on which he submitted a budget request for funding to prepare his finalized petition. (Docket # 39.) On July 16, 2013, the Court partially lifted the stay to explore petitioner's *Ford* competency, and denied without prejudice petitioner's third motion for equitable tolling as premature. (Docket # 106.)

Given the completion of the *Gates* and *Ford* proceedings, there is no longer a legal basis for continuing the stay in this case. Once the stay is lifted, petitioner will have 127 days left to file a finalized petition. The Court should reject petitioner's contention that the stay should not be lifted until he submits a revised Phase II budget and it is approved by the Court. Whether federal habeas counsel is entitled to additional time to file a finalized petition for this asserted reason is more appropriately addressed in a motion for equitable tolling.

**Petitioner's Position**

Petitioner's position is that the stay should not be lifted until a Phase II budget order has been issued by the Court. On November 10, 2011, Petitioner filed a Motion To Stay Proceedings And For Equitable Tolling Pending Determination of Petitioner's Competency. In that motion Stanley sought "equitable tolling of the federal habeas statute of limitations nunc pro tunc to October 6, 2011, when Petitioner submitted to the Court a budget request to prepare his finalized

petition." (Docket # 39.)  The Court granted that motion, finding that Petitioner was entitled to a stay pending a determination of his competency.  The Court's Order also stated: "The Court therefore grants such a stay, including equitable tolling, nunc pro tunc to October 6, 2011."  (Doc. No. 39.)

In short, the Court has already granted equitable tolling starting from the date Petitioner submitted his proposed Phase II budget, October 6, 2011.  That budget proposal was 82-pages.  It has been over three years since that budget proposal was submitted.  During that time period the parties have conducted a great deal of factual development.  A revised budget proposal is obviously necessary.  Petitioner will submit a revised Phase II budget proposal on or before January 19, 2016.  Petitioner requests that the Court not lift the stay until a Phase II budget is approved.

Petitioner also contends that equitable tolling is both necessary and appropriate in this case.  Petitioner had previously filed a Third Motion for Equitable Tolling.  (Docket # 104.)  That motion was "denied without prejudice as premature."  (Docket # 106, p. 6.)   If the stay is lifted Petitioner's request for equitable tolling will no longer be "premature."  Petitioner will file a fourth motion for equitable tolling prior to the approval of a budget and prior January 28, 2016, the due date for the Case Management Statement.

Without further equitable tolling, Petitioner would have 127-days to file a timely finalized petition.

Dated:  December 28, 2015

                                          Respectfully submitted,
ROGER I. TEICH
DAVID A. NICKERSON
Attorneys for Petitioner
DARREN CORNELIUS STANLEY


By /s/ _____
DAVID A. NICKERSON

3

1
2   Respectfully submitted,
    KAMALA D. HARRIS
3   Attorney General of California
    GLENN R. PRUDEN
4   Supervising Deputy Attorney General
    MICHELE J. SWANSON
5   Deputy Attorney General

6   By /s/
    MICHELE J. SWANSON
7

28                                  4