KAMALA D. HARRIS
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General
MICHELE J. SWANSON
Deputy Attorney General
State Bar No. 191193
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5703
 Fax:  (415) 703-1234
 E-mail:  Michele.Swanson@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DARREN CORNELIUS STANLEY,** <br><br> Petitioner, <br><br> v. <br><br> **RON DAVIS, Warden, California State Prison at San Quentin,** <br><br> Respondent. | C 07-4727 EMC [Related to C 14-4108 EMC] <br><br> **DEATH PENALTY CASE** <br><br> **OPPOSITION TO ADMINISTRATIVE MOTION TO FILE DECLARATION OF COUNSEL UNDER SEAL** |

**INTRODUCTION**

On January 25, 2016, petitioner filed a fourth motion for equitable tolling, and set a hearing date for Thursday, March 3, 2016.  Doc. 190.  Petitioner also moved, pursuant to Civil Local Rule 79-5, to file under seal a declaration of counsel in support of his motion for equitable tolling.  Doc. 191.  We oppose petitioner's motion to file counsel's declaration under seal for the reasons that follow.

///

///

///

1

# ARGUMENT

## I. PETITIONER'S REQUEST IS NOT NARROWLY TAILORED TO SEEK SEALING OF ONLY PRIVILEGED OR PROTECTABLE MATERIAL

"As a public forum," this Court "has a policy of providing the public full access to papers filed in the Office of the Clerk." Civil L.R. 79-5(b) (commentary). Thus, public filings are the rule—sealed filings the exception. On the rare occasion that secrecy is countenanced, it is allowed in only the most "narrowly tailored" manner achievable. *Newman v. Graddick*, 696 F.2d 796, 802 (1983); *see* Civil L.R. 79-5(b) (a request to seal a document "must be narrowly tailored to seek sealing only of sealable material."); Civil L.R. 79-5(b) (commentary) (noting that the "rule is designed to ensure" that a "redacted copy" of the document "that has the minimum redactions necessary to protect sealable information" is filed and made available for public review).

Petitioner seeks to file under seal, in its entirety, counsel's declaration in support of his motion for equitable tolling, claiming that "the Declaration to be filed under seal contain[s] statements and information that are both confidential and privileged," and "protected by the attorney-client privilege, are work product, as well as confidential communications with Petitioner and trial counsel." Doc. 191 at 1-2. When seeking to file an entire document under seal, however, a party must establish that the *entire* document is sealable, not just portions of the document. Civil L.R. 79-5(b). To do this, a party must show that the *entire* document is privileged or protectable under the law. *Id*.

In counsel's declaration in support of his motion to seal, he states that counsel's declaration in support of the motion for equitable tolling "sets forth the details of both the problems and counsel's proposed solutions associated with" counsel's difficulty "to obtain the facts necessary for counsel to adequately allege numerous ineffective assistance of counsel claims in the finalized petition" in light of petitioner's incompetence and the death of lead trial counsel. Doc. 191 at 4. Counsel then describes the substance of the declaration in support of the motion for equitable tolling as follows:

2

Opp. to Admin. Mot. to File Decl. of Counsel Under Seal – *Stanley v. Davis, Warden* - (C 07-4727 EMC)

> For instance, Counsel's Declaration sets forth in some detail the investigation conducted by trial counsel and, more importantly, trial counsel's failure to conduct an adequate investigation. In so doing, Counsel's Declaration references and quotes from defense investigators' interviews of Petitioner. Counsel's Declaration quotes from defense investigators' reports to defense counsel. Counsel's Declaration also references and quotes from mental health experts' interviews of Petitioner. Counsel's Declaration quotes extensively from the same mental health experts' notes, reports, and comments about Petitioner. Counsel's Declaration quotes from correspondence between lead counsel and co-counsel at trial. Counsel's declaration quotes extensively from lead trial counsel's sealed funding requests in the Superior Court. Counsel's Declaration quotes statements made by lead trial counsel about the likelihood that Petitioner would be convicted and sentenced to death.
>
> . . . Counsel's Declaration also sets forth what Counsel believe are gaps in the currently available facts. For instance, counsel can identify materials that trial counsel were aware of, but failed to obtain. However, since trial counsel is dead, counsel cannot determine why trial counsel failed to obtain those documents. Additionally, Counsel's Declaration sets forth how counsel intends to obtain the missing facts. Counsel's Declaration lists specific individuals who must be interviewed and materials which must be sought. Essentially, Counsel's Declaration is a roadmap of how counsel intend to investigate and prepare numerous claims to be made in Petitioner's finalized petition. As such the entire document is counsels' work product.

Doc. 191 at 4-5.

As with petitioner's previous attempt to file documents under seal in this case, *see* Doc. 35, petitioner's current request is not narrowly tailored to seek the sealing of only privileged or protectable portions of his counsel's declaration in support of his motion for equitable tolling. *See* Doc. 39 ("However, Respondent's contention that Petitioner's request is not narrowly tailored as required by Civil Local Rule 79-5(a) is well taken."). For instance, although not privy to the declaration ourselves, we are quite certain that the very first paragraph likely follows the custom of identifying the declarant and his/her relationship with the action, and could not possibly contain privileged material. There is no reason why this portion of the declaration cannot be revealed to public viewing.

As another example, the portion of counsel's declaration discussing, what is, in his view, "trial counsel's failure to conduct an adequate investigation," *see* Doc. 191 at 4, constitutes legal argument, which has no business being in a declaration at all, let alone one concealed from our view. A more impermissible form of ex parte communication would be difficult to imagine. Again, there is absolutely no reason why this portion of the declaration cannot be filed in the public record, and, in fact, court procedure and fairness to respondent demands it.

3

Opp. to Admin. Mot. to File Decl. of Counsel Under Seal – *Stanley v. Davis, Warden* - (C 07-4727 EMC)

As for those portions of counsel's declaration that quote materials generated by trial counsel, defense investigators, and mental health experts, counsel does not identify the source of those materials, let alone make any attempt to establish their privileged status. Doc. 191 at 4. Assuming the materials come from trial counsel's files, this Court has previously concluded that respondent is entitled to such materials, *see* Doc. 48 at 2-3, and, in fact, petitioner provided the files to respondent in compliance with the Court's order. *See* Doc. 48 at 3. Consequently, there is simply no reason for quotations from such materials to be shielded from our view. As this Court understood in its order granting respondent the right to have access to trial counsel's files, *see* Doc. 48 at 2, we could not possibly litigate a challenge to trial counsel's performance unless such materials were disclosed to us. The same goes for our ability to litigate this claimed basis for petitioner's request for equitable tolling.[1] In short, putting aside the question of whether such quotations should be shielded from public view, petitioner cannot plausibly claim that such quotations should also be withheld from respondent.

However, assuming the source of the documents counsel's declaration quotes from are from trial counsel's files, and that the quotations contain "privileged protected materials," they are subject to a protective order, and the protected material must be redacted from the declaration filed in the public record. *See* Doc. 48 at 3-4. This same procedure would apply to any funding documents from the superior court file, which is covered by a stipulated protective order that explicitly references Civil Local Rule 79-5. *See* Doc. 52 at 4. We further note that statements regarding how federal habeas counsel intend to obtain missing facts, including "specific individuals who must be interviewed and materials which must be sought, *see* Doc. 191 at 4, are also arguably entitled to sealing, and subject to this same redaction procedure.

---

[1] While counsel refers to sealed funding requests filed by trial counsel in the superior court, he does not identify the source of those documents. At least some of the funding documents were contained in trial counsel's files. However, we note that this Court granted petitioner's discovery request to subpoena the funding records from the superior court. *See* Doc. 33 at 4. The Court later approved a stipulated protective order between petitioner's attorneys and the superior court clerk's office with regard to the funding documents. *See* Doc. 52. However, without knowing the source of the funding documents counsel's declaration quotes from, respondent cannot discern whether those documents are already in our possession. In any event, our position that we would be entitled to see the quotations contained in counsel's declaration for purposes of litigating his equitable tolling motion remains the same.

4

Opp. to Admin. Mot. to File Decl. of Counsel Under Seal – *Stanley v. Davis, Warden* - (C 07-4727 EMC)

As noted above, sealing and redaction, when it is allowed to occur at all, must always be narrowly tailored so as not to defeat public scrutiny of more material than is actually necessary. *See Newman*, 696 F.2d at 802.  Petitioner's motion to seal respects none of these requirements.  He has *entirely* omitted from public disclosure his counsel's declaration, taking a liberty for which the rules provide no authorization.  As petitioner should well know, given the Court's previous order in this case requiring him to conform to Civil Local Rule 79-5, *see* Doc. 39 at 2-3, the Court's protective order with respect to trial counsel's files reiterating these procedures, *see* Doc. 48 at 4, and his own stipulated protective order expressly mandating adherence to the procedures set forth in Civil Local Rule 79-5 with respect to documents contained in the superior court files, a minimally redacted version of counsel's declaration should have been filed in the public record.  It is inconceivable that his current motion to seal meets the "narrowly tailored" requirement.

In closing, we note that petitioner has already been granted one full year of equitable tolling in which to file a finalized petition in this case, *see* Doc. 26, and his request for additional equitable tolling, combined with the four years during which this case has been stayed for *Gates* and *Ford* proceedings, has significantly impacted the state's considerable interest in seeing to the finality of its criminal judgment in this case. *See Calderon v. Thompson*, 523 U.S. 538, 555-56 (1998).  To grant petitioner's motion to seal counsel's declaration in its entirety would deny the state a full-and-fair opportunity to litigate his fourth request for equitable tolling, and effectively ignore this "compelling" interest. *Id*. at 556.  We therefore oppose petitioner's request to seal the declaration in its entirety.

## CONCLUSION

In sum, petitioner has failed to narrowly tailor his request for sealing or establish that the sealing of counsel's declaration in its entirety is necessary.  Accordingly, respondent respectfully requests that the motion be denied without prejudice to petitioner resubmitting his motion in compliance with Civil Local Rule 79-5 and the protective orders in this case.  More specifically, petitioner should be ordered to file a minimally redacted version of counsel's declaration in the public record, and establish the privileged nature of the redacted portions of the declaration.

5

Opp. to Admin. Mot. to File Decl. of Counsel Under Seal – *Stanley v. Davis, Warden* - (C 07-4727 EMC)

1  Further, respondent respectfully requests that petitioner be ordered to provide respondent with a
2  declaration that redacts only references to federal habeas counsel's work product; all other
3  references to documents contained in trial counsel's files or the superior court files should not be
4  redacted from the version of the declaration served on respondent, for the reasons stated above.

5  Dated: January 29, 2016                    Respectfully submitted,

6                                              KAMALA D. HARRIS
                                                Attorney General of California
7                                               GLENN R. PRUDEN
                                                Supervising Deputy Attorney General
8

9

10                                              /s/ Michele J. Swanson
                                                MICHELE J. SWANSON
11                                              Deputy Attorney General
                                                *Attorneys for Respondent*

12  SF2007402979
    12100046.doc
13

6

Opp. to Admin. Mot. to File Decl. of Counsel Under Seal – *Stanley v. Davis, Warden* - (C 07-4727 EMC)

# CERTIFICATE OF SERVICE

Case Name:   **Stanley v. Davis, Warden**          No.   C 07-4727 EMC

I hereby certify that on January 29, 2016, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO ADMINISTRATIVE MOTION TO FILE DECLARATION OF COUNSEL UNDER SEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 29, 2016, at San Francisco, California.

|  D. Desuyo  |  /s/  D. Desuyo  |
|:-:|:-:|
| Declarant | Signature |

SF2007402979
20812211.doc