UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>  Petitioner,<br><br>  v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>  Respondent. | No. C-07-4727 EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER DENYING PETITIONER'S MOTION TO FILE DECLARATION UNDER SEAL**<br><br>**(Docket No. 191)** |

Pursuant to Civil Local Rule 79-5, Petitioner has filed a motion to file a declaration in support of his motion for equitable tolling under seal. Petitioner does not cite to any caselaw, but alleges generally that the Declaration contains confidential and privileged material, and that the entire document is work product. Respondent has opposed Petitioner's motion.

Having reviewed the pleadings and the applicable law, as well as the Declaration in question, the Court hereby **DENIES** Petitioner's motion. Petitioner has not met his burden of showing that the Declaration should be filed under seal. As Rule 79-5 makes clear, sealed documents are to be the exception, and not the rule, and all requests for sealing must be narrowly-tailored. Here, Petitioner has not submitted a proposed order "narrowly tailored to seal only the sealable material", nor has he submitted a redacted version of the document sought to be filed under seal, both of which are required under Rule 79-5.

Furthermore, Petitioner cannot show that the entire Declaration is privileged in some way and needs to be sealed (which would make it unavailable to both Respondent and the public). The

Declaration is in support of Petitioner's motion for equitable tolling, and largely concerns Petitioner's potential ineffective assistance of counsel claims and the time it will take counsel to research them. The type of material included in the Declaration is routinely included in capital habeas pleadings, and some of it is already a matter of public record. Additionally, Respondent needs access to the material in order to adequately respond to Petitioner's motion.

To the extent that Petitioner believes that the Declaration includes "Privileged Protected Materials", such material is already subject to a protective order. See Docket No. 48. Under the terms of the protective order, any protected material should be redacted from the Declaration filed for the public, and a non-redacted Declaration should be served on Respondent. At this juncture, however, Petitioner has not made such an argument, instead maintaining without support that the entire Declaration should be sealed.

For the foregoing reasons, Petitioner's motion is **DENIED**. By 10:00 a.m., February 5, 2016, Petitioner should file an unsealed version of the Declaration, and serve it on Respondent. Because Respondent's opposition to Petitioner's motion is due on February 8, 2016, it is imperative that Respondent receive the Declaration promptly.

This order disposes of Docket No. 191.

IT IS SO ORDERED.

Dated: February 4, 2016

_____
EDWARD M. CHEN
United States District Judge

2