1   KAMALA D. HARRIS
   Attorney General of California
2   GLENN R. PRUDEN
   Supervising Deputy Attorney General
3   MICHELE J. SWANSON
   Deputy Attorney General
4   State Bar No. 191193
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 703-5703
6    Fax:  (415) 703-1234
    E-mail:  Michele.Swanson@doj.ca.gov
7   *Attorneys for Respondent*

8

          IN THE UNITED STATES DISTRICT COURT
9
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
             SAN FRANCISCO DIVISION
11

12

| | |
|---|---|
| 13   **DARREN CORNELIUS STANLEY,** | C 07-4727 EMC [Related to C 14-4108 EMC] |
| 14                Petitioner, | **DEATH PENALTY CASE** |
| 15     v. | **MOTION TO STRIKE REDACTED** |
| 16 | **DECLARATION OF COUNSEL FILED IN THE PUBLIC RECORD** |
| 17   **RON DAVIS, Warden, California State Prison at San Quentin,** | |
| 18               Respondent. | |

19

20               **PROCEDURAL BACKGROUND**

21       On January 25, 2016, petitioner filed a fourth motion for equitable tolling, and set a hearing

22   date of March 4, 2016.  Doc. 190.  Also on January 25, 2016, he moved, pursuant to Civil Local

23   Rule 79-5, to file under seal, in its entirety, a declaration of counsel in support of his fourth

24   motion for equitable tolling.  Doc. 191.  On January 29, 2016, respondent filed an opposition to

25   the motion to seal.  Doc. 192.  On February 3, 2016, the Court vacated the hearing date on

26   petitioner's fourth motion for equitable tolling, and indicated that it would decide the motion on

27   the papers.  Doc. 194.  At 9:05 a.m. on Thursday, February 4, 2016, the Court denied petitioner's

28   motion to seal the declaration of counsel, and ordered that, "[b]y 10:00 a.m., [Friday,] February 5,

                                1

2016, Petitioner should *file* an *unsealed* version of the Declaration, and serve it on Respondent. Because Respondent's opposition to Petitioner's motion is due on [Monday,] February 8, 2016, it is imperative that Respondent receive the Declaration promptly." Doc. 195 at 2 (emphasis added).

Over 12 hours after the Court's order, at 9:13 p.m. on Thursday, February 4, 2016, counsel for petitioner served via email an unredacted declaration of counsel on counsel for respondent. *See* Decl. of Counsel in Support of Motion to Enlarge Time to File Opposition to Fourth Motion for Equitable Tolling.  However, because the email was sent after business hours, counsel for respondent did not actually receive it until the next morning, on Friday, February 5, 2016.  *See id.*

At 3:05 p.m. on Friday, February 5, 2016, over five hours after the Court-imposed deadline of 10:00 a.m., petitioner filed a notice with the Court that he had served an unredacted declaration of counsel on respondent.  Doc. 196.  At 3:12 p.m. on Friday, February 5, 2016, again, over five hours after the Court-imposed deadline of 10:00 a.m., petitioner *filed* a *redacted* declaration of counsel in support of his fourth motion for equitable tolling, unaccompanied by a renewed motion to file under seal or proposed order in compliance with Local Rule 79-5.  Doc. 197.

## ARGUMENT

I.    **PETITIONER HAS FAILED TO COMPLY BOTH WITH THIS COURT'S FEBRUARY 4, 2016 ORDER AND LOCAL RULE 79-5 IN THE FILING OF THE REDACTED DECLARATION OF COUNSEL; ACCORDINGLY, THE REDACTED DECLARATION SHOULD BE STRICKEN FROM THE PUBLIC RECORD**

This Court's order of February 4, 2016 was quite clear:

> For the foregoing reasons, Petitioner's motion is **DENIED**.  By 10:00 a.m., February 5, 2016, Petitioner should *file* an *unsealed* version of the Declaration, *and serve* it on Respondent.  Because Respondent's opposition to Petitioner's motion is due on February 8, 2016, it is imperative that Respondent receive the Declaration promptly.

Doc. 195 at 2 (bold in original, italics added).  While petitioner partially complied with the Court order by serving respondent with an unredacted declaration by the Court-imposed deadline, he did not comply with that portion of the order requiring that he file, in the public record, the same *unredacted* version of the declaration.  Instead, he simply filed a *redacted* version of the declaration in the public record *after* the Court-imposed deadline, without explanation.

2

In denying petitioner's motion to seal counsel's declaration in its entirety, the Court noted a few things.  First, that petitioner's motion "does not cite to any caselaw, but alleges generally that the Declaration contains confidential and privileged material, and that the entire document is work product."  Doc. 195 at 1.  Second, that petitioner "has not submitted a proposed order 'narrowly tailored to seal only the sealable material', nor has he submitted a redacted version of the document sought to be filed under seal, both of which are required under Rule 79-5."  *Id.* Third, that petitioner "cannot show that the entire Declaration is privileged in some way and needs to be sealed (which would make it unavailable to both Respondent and the public)."  *Id.* And most importantly, fourth:

> To the extent that Petitioner believes that the Declaration includes "Privileged Protected Materials", such material is already subject to a protective order.  See Docket No. 48.  Under the terms of the protective order, any protected material should be redacted from the Declaration filed for the public, and a non-redacted Declaration should be served on Respondent.  *At this juncture, however, Petitioner has not made such an argument, instead maintaining without support that the entire Declaration should be sealed.*

*Id*. at 2 (emphasis added).

The Court quite clearly denied petitioner's motion to seal the declaration in its entirety, and ordered him to file an *unredacted* version of the declaration in the public record.  If petitioner believed that doing so would violate a protective order or divulge privileged information, then, along with the *redacted* version of the declaration he filed in the public record in response to the Court's order, it was incumbent upon him to file, pursuant to Local Rule 79-5, a motion to partially seal the declaration and a proposed order.  *See* Doc. 195 ("At this juncture . . . Petitioner has not made such an argument [for partial sealing], instead maintaining without support that the entire Declaration should be sealed.").  By ignoring the Court's order and the requirements of Local Rule 79-5, petitioner has decided on his own, without respondent or this Court being given any opportunity to respond to his reasons for partial sealing, that only a redacted version of his declaration should be filed in the public record.  It is difficult to fathom a more egregious disregard of a Court order and procedures.

Further, as the Court noted in its order denying his motion to seal the declaration in its entirety, "[t]he Declaration . . . largely concerns Petitioner's potential ineffective assistance of

3

1   counsel claims and the time it will take counsel to research them.  The type of material included

2   in the Declaration is routinely included in capital habeas pleadings, and some of it is already a

3   matter of public record."  Should petitioner decide to file a motion for partial sealing, petitioner

4   should specifically explain why the redacted portions of his declaration are privileged rather than

5   the type of material routinely included in capital habeas pleadings.

6        Finally, now that we are privy to the contents of the declaration, we would object to those

7   portions of the declaration that fail to cite the source of the "facts" contained therein, or that

8   constitute legal argument or federal habeas counsel's opinion of what the evidence shows.  We

9   will reserve our arguments that such portions of the declaration should be stricken entirely, until

10  such time as petitioner files a motion for partial sealing.

11                                           **CONCLUSION**

12       For the foregoing reasons, respondent respectfully requests that petitioner's redacted

13  declaration of counsel be stricken from the public record, and that he be ordered to file either an

14  unredacted version in the public record, or else comply with Local Rule 79-5 for seeking partial

15  sealing.

16  Dated:  February 8, 2016                         Respectfully submitted,

17                                                    KAMALA D. HARRIS
                                                      Attorney General of California
18                                                    GLENN R. PRUDEN
                                                      Supervising Deputy Attorney General
19

20

21                                                    /s/ Michele J. Swanson
                                                      MICHELE J. SWANSON
22                                                    Deputy Attorney General
                                                      *Attorneys for Respondent*

23  SF2007402979
    20815357.doc
24

25

26

27

28

                                              4

# CERTIFICATE OF SERVICE

Case Name:   **Stanley v. Davis, Warden**          No.   **C 07-4727 EMC**

I hereby certify that on <u>February 8, 2016,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION TO STRIKE REDACTED DECLARATION OF COUNSEL FILED IN THE PUBLIC RECORD**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 8, 2016,</u> at San Francisco, California.

|  |  |
|---|---|
| D. Desuyo | /s/  D. Desuyo |
| Declarant | Signature |

SF2007402979
20815462.doc