KAMALA D. HARRIS
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General
MICHELE J. SWANSON
Deputy Attorney General
State Bar No. 191193
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5703
 Fax:  (415) 703-1234
 E-mail:  Michele.Swanson@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DARREN CORNELIUS STANLEY,**<br><br>Petitioner,<br><br>v.<br><br>**RON DAVIS, Warden, California State Prison at San Quentin,**<br><br>Respondent. | C 07-4727 EMC [Related to C 14-4108 EMC]<br><br>**DEATH PENALTY CASE**<br><br>**REPLY TO OPPOSITION TO MOTION TO STRIKE REDACTED DECLARATION OF COUNSEL FILED IN THE PUBLIC RECORD** |

**INTRODUCTION**

On February 8, 2016, respondent filed a motion to strike the redacted declaration of counsel petitioner filed in the public record on February 5, 2016, *see* Doc. 197. Doc. 199. On February 22, 2016, petitioner filed an opposition. Doc. 205. The following is our reply.

**RELEVANT PROCEDURAL HISTORY**

On January 25, 2016, petitioner filed a fourth motion for equitable tolling. Doc. 190. Also on January 25, 2016, he moved, pursuant to Civil Local Rule 79-5, to file under seal, in its entirety, a declaration of counsel in support of his fourth motion for equitable tolling. Doc. 191. On January 29, 2016, respondent filed an opposition to the motion to seal. Doc. 192. On February 4, 2016, the Court *denied* petitioner's motion to seal the declaration of counsel, and

1

Reply to Opp. to Mot. to Strike Redacted Decl. of Counsel Filed in the Public Record -
*Stanley v. Davis* - (C 07-4727 EMC)

1  ordered that, "[b]y 10:00 a.m., February 5, 2016, Petitioner should *file* an *unsealed* version of the
2  Declaration, and serve it on Respondent.  Because Respondent's opposition to Petitioner's motion
3  is due on [Monday,] February 8, 2016, it is imperative that Respondent receive the Declaration
4  promptly."  Doc. 195 at 2 (emphasis added).

5  On Thursday, February 4, 2016, counsel for petitioner served via email an unredacted
6  declaration of counsel on counsel for respondent.  *See* Decl. of Counsel in Support of Motion to
7  Enlarge Time to File Opposition to Fourth Motion for Equitable Tolling.  At 3:12 p.m. on
8  February 5, 2016, over five hours after the Court-imposed deadline of 10:00 a.m., petitioner filed
9  a *redacted* declaration of counsel in support of his fourth motion for equitable tolling,
10 unaccompanied by a renewed motion to file the declaration partially under seal or a proposed
11 order in compliance with Local Rule 79-5.  Doc. 197.

12 On February 8, 2016, respondent filed a motion to strike the redacted declaration of
13 counsel, on the grounds that petitioner failed to comply with either the Court's February 4, 2016
14 order or Local Rule 79-5.  Doc. 199.  On February 22, 2016, petitioner filed an opposition to the
15 motion to strike.  Doc. 205.

## ARGUMENT

**I.  PETITIONER HAS FAILED TO DEMONSTRATE THAT HIS REDACTED DECLARATION OF COUNSEL FILED IN THE PUBLIC RECORD COMPLIES WITH THE COURT'S ORDER DENYING HIS MOTION FOR SEALING, THE COURT'S PROTECTIVE ORDER COVERING TRIAL COUNSELS' FILES, OR LOCAL RULE 79-5; ACCORDINGLY, THE MOTION TO STRIKE THE DECLARATION SHOULD BE GRANTED**

Petitioner disagrees with respondent's plain reading of the Court's order denying his motion to seal the declaration of counsel, arguing as follows:

> In his Motion to Strike Redacted Declaration of Counsel, Docket # 199, filed on February 8, 2016, Respondent twice contends that counsel for Stanley were ordered to publicly filed a unredacted version of Counsel's Declaration.  That is not what the Court ordered.  The Court's order expressly stated:  "Under the terms of the protective order, any protected material *should be redacted from the Declaration filed for the public*, and a non-redacted Declaration should be served on Respondent."  (Docket # 195, p. 2; emphasis added.)  That is what counsel for Stanley did; they served Respondent with a non-redacted Declaration *and* they publicly filed a Declaration which redacted materials subject to the Court's protective order.  Respondent's assertion that counsel should have publicly filed an unredacted Declaration would have required that counsel violate the Court's protective order.  That cannot be what the Court's Order meant.

2

Doc. 205 at 2.

Petitioner quotes the Court's order completely out of context. The entire quotation reads as follows:

> To the extent that Petitioner believes that the Declaration includes "Privileged Protected Materials", such material is already subject to a protective order. See Docket No. 48. Under the terms of the protective order, any protected material should be redacted from the Declaration filed for the public, and a non-redacted Declaration should be served on Respondent. At this juncture, however, Petitioner has not made such an argument, instead maintaining without support that the entire Declaration should be sealed.

Doc. 195 at 2. The above-quoted passage makes it clear that the Court was merely pointing out what the procedure would be if petitioner believed that the only privileged materials contained in the declaration of counsel were "Privileged Protected Materials" subject to the Court's protective order covering trial counsels' files. However, the Court emphasized that petitioner had not, in fact, asked for partial sealing of the declaration on such a basis, but rather asked to seal the *entire* declaration based on generalized allegations that it "contain[ed] confidential and privileged material, and that the entire document [wa]s work product," without any citations to caselaw. Doc. 195 at 1.

Given this understanding of petitioner's motion, the Court ruled as follows: "Having reviewed the pleadings and the applicable law, as well as the Declaration in question, the Court hereby **DENIES** Petitioner's motion." Doc. 195 at 1 (bold in original). The Court went on to explain its reasons for denying the motion, which included petitioner's failure to conform to Local Rule 79-5, as well as his failure to show that the entire document contained privileged material. *Id*. at 1-2. The Court then ordered: "For the foregoing reasons, Petitioner's motion is **DENIED**. *By 10:00 a.m.*, February 5, 2016, Petitioner *should file* an *unsealed* version of the Declaration, and serve it on Respondent. Because Respondent's opposition to Petitioner's motion is due on February 8, 2016, it is imperative that Respondent receive the Declaration promptly."[1] *Id*. at 2 (bold in original, italics added).

---

[1] Interestingly, even though the Court *clearly* ordered that the unsealed declaration be *filed* by 10:00 a.m., petitioner states that his "[c]ounsel did not understand that the 10:00 am deadline applied to this filing, since they had already provided Counsel for Respondent with the unredacted version the previous evening." Doc. 205 at 2. Counsel's "understanding" of the

(continued…)

3

As we noted in our motion to strike, the Court's order clearly called for the filing of an unsealed declaration, *unless* petitioner believed the declaration contained materials subject to the Court's protective order. *See* Doc. 199 at 3. In such instance, the Court laid out a roadmap for petitioner to follow: serve an unsealed version of the declaration on respondent, file a redacted version of the declaration in the public record, and file a motion and proposed order for partial sealing pursuant to Local Rule 79-5, with an argument that the redacted portions contained "Privileged Protected Materials" subject to the Court's protective order. *See* Doc. 195 at 2. Petitioner failed to follow that roadmap, instead filing a redacted declaration in the public record that did not even comply with the Court's protective order,[2] with no accompanying motion or proposed order for partial sealing pursuant to Local Rule 79-5.[3] However, it is not up to petitioner alone to decide whether the redacted portions of the declaration of counsel meet the Court's definition of "Privileged Protected Materials" contained in the protective order, and thus, are subject to sealing from the public record.[4] *See* Doc. 205 (petitioner stating that "[t]he only materials redacted from Counsel's Declaration were references and quotes from the Privileged Protected Materials subject to the Court's Protective Order, Docket # 48."). Rather, only the

---

(…continued)
Court's order has no basis in fact. While the Court encouraged petitioner to serve a copy of the unredacted declaration on respondent as soon as possible, it did not state, imply, or otherwise suggest that petitioner could ignore the filing deadline so long as he met the service deadline.

[2] The protective order expressly provided that any materials or briefs disclosing the contents of "Privileged Protected Materials" from trial counsels' files be submitted to the Court under seal, but that copies of briefs containing such materials "shall be filed in the public record with the disclosure of the contents of the Privileged Protected Materials deleted *and such deletion noted as made pursuant to this Protective Order*." Doc. 48 at 4 (emphasis added). Here, the deletions to the declaration of counsel filed in the public record simply say "Redacted," with no notation that the redaction was made pursuant to the protective order. *See* Doc. 197.

[3] In his motion to file the entire declaration under seal, petitioner did not allege that any of the information contained in the declaration came from trial counsels' files, let alone that the declaration contained "Privileged Protected Materials" covered by the protective order. *See* Doc. 191. Nor did petitioner indicate that the redactions made in the subsequently-filed redacted version of the declaration were made pursuant to the protective order. *See* Doc. 197. The first time petitioner put respondent and the Court on notice that the redactions were made pursuant to the protective order was when he filed his motion to vacate the protective order, *see* Doc. 201, which he filed in response to respondent's motion to strike. He reaffirmed this in his recently-filed opposition to the motion to strike. *See* Doc. 205 at 2.

[4] As defined by the Court, "Privileged Protected Materials" are documents and information protected by the attorney-client privilege or the attorney-work-product doctrine. *See* Doc. 48 at 3.

4

Court gets to decide that question, after receiving input from respondent, as Local Rule 79-5 makes clear.[5]

Petitioner states, without any citation to authority, that the Court "may and should overlook any technical noncompliance with Local Rule 79-5(b) (requirement of sealing order)" if it grants his motion to vacate the protective order. *See* Doc. 205 at 3. We do not understand the meaning of petitioner's statement. Because he did not comply with Local Rule 79-5 in his filing of the redacted declaration of counsel, the Court cannot simply "overlook" that fact and allow the improperly filed declaration to remain in the public record. Rather, the Court must still strike the declaration, even if it decides to grant petitioner's motion to vacate the protective order, because petitioner never sought or received, pursuant to Local Rule 79-5, an order authorizing the partial sealing and filing of the redacted declaration. We fail to see how a decision to vacate the protective order would somehow legitimize petitioner's improper, redacted filing. If the Court were to vacate the protective order, petitioner would then be free to file his unsealed version of the declaration in the public record, in which case we do not see the point of allowing the redacted declaration to remain in the public record.

Petitioner alternatively suggests that his filing complied with Local Rule 79-5(f)(3), which governs a party's actions after an administrative motion to seal has been denied or granted *in part*. *See* Doc. 205 at 3. But the Court did not issue a partial denial, but rather denied petitioner's motion in its *entirety*. Local Rule 79-5(f)(2) governs the denial of a motion to seal in its entirety, and calls for exactly the same action ordered by this Court: the filing of the unredacted document in the public record if the party wishes the document to be considered by the Court. While the Court's order may have suggested that petitioner would need to file a motion for partial sealing if filing an unsealed version of the declaration would violate the Court's protective order, the Court did not grant petitioner leave to simply file a redacted version of the declaration, using his own

---

[5] Because petitioner did not raise the argument in his motion for sealing, *see* Doc. 191, and because respondent did not have access to the declaration when it filed its opposition to the motion for sealing, respondent was never given the opportunity to address whether the redacted portions of the subsequently-filed declaration are in fact "Privileged Protected Materials" subject to the protective order.

5

Reply to Opp. to Mot. to Strike Redacted Decl. of Counsel Filed in the Public Record - *Stanley v. Davis* - (C 07-4727 EMC)

1  best judgment regarding whether the redacted portions constituted "Privileged Protected
2  Materials." And, because petitioner did not even argue in his motion to seal that specified parts of
3  the declaration contained "Privileged Protected Materials" subject to the protective order, *see* Doc.
4  191, the Court could *not* have issued a partial grant of relief with respect to the redacted version
5  of the declaration that was subsequently filed in the public record.
6       Finally, to the extent petitioner appears to be blaming respondent for the "singular (if not,
7  carnivalesque) twists and turns of this litigation," *see* Doc. 205 at 2, we note that all of this could
8  have been avoided if petitioner had simply complied with Local Rule 79-5 in the first place, and
9  filed a motion for partial sealing with proper citation to authorities and specific arguments as to
10 why the redacted portions of the declaration were privileged and confidential.  He chose not to,
11 and respondent exercised its right under the rule to file an opposition to point out the deficiency
12 of his filing, which this Court agreed with, resulting in the denial of the motion in its entirety.
13 Petitioner could have then complied with Local Rule 79-5 at that point, filing a motion for partial
14 sealing along with his redacted declaration in response to the Court's denial of his first motion.
15 But again, he chose not to, and respondent again exercised its right to object to petitioner's
16 improper filing of the redacted declaration alone by filing a motion to strike.  Then, instead of
17 simply following the procedure suggested by respondent in its motion to strike, *see* Doc. 199 at 3-
18 4, petitioner decided to take the extraordinary step of not only opposing respondent's motion to
19 strike, but filing his own motion to vacate the protective order so that he could avoid complying
20 with Local Rule 79-5 altogether.  Respondent again exercised its right to oppose such a motion,
21 given that petitioner was not simply seeking an order vacating the protective order, but a final
22 remedy barring retrial as well.  The rules and procedures petitioner so casually ignores were
23 meant to insure fairness between the parties to litigation.  Respondent has an interest in insuring
24 that those rules and procedures are followed, and that its rights are protected in this action.  We
25 therefore take issue with petitioner's attempt to paint respondent as an obstructionist, when all
26 respondent seeks is for petitioner to simply follow court rules so that issues such as the sealing of
27 documents are fairly and thoroughly litigated through the adversarial process.
28

6

Reply to Opp. to Mot. to Strike Redacted Decl. of Counsel Filed in the Public Record -
*Stanley v. Davis* - (C 07-4727 EMC)

In sum, petitioner has not complied with the Court's order denying his motion to seal in its entirety, the Court's protective order covering trial counsels' files, or Local Rule 79-5 for the proper sealing of documents.  His redacted version of the declaration of counsel should accordingly be stricken from the record, and petitioner ordered to comply with Local Rule 79-5 and the Court's orders in this case if he wishes his declaration of counsel to be considered in support of his fourth motion for equitable tolling.

## CONCLUSION

For the foregoing reasons and those stated in our motion to strike, respondent respectfully requests that the Court order the redacted declaration of counsel filed in the public record be stricken, and that petitioner be ordered to comply with Local Rule 79-5 if he wishes his declaration of counsel to be considered in support of his fourth motion for equitable tolling.

Dated:  February 24, 2016               Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General


/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
*Attorneys for Respondent*

SF2007402979
20824408.doc

7

Reply to Opp. to Mot. to Strike Redacted Decl. of Counsel Filed in the Public Record -
*Stanley v. Davis* - (C 07-4727 EMC)

# CERTIFICATE OF SERVICE

Case Name:   **Stanley v. Davis, Warden**     No.   **C 07-4727 EMC**

I hereby certify that on February 24, 2016, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY TO OPPOSITION TO MOTION TO STRIKE REDACTED DECLARATION OF COUNSEL FILED IN THE PUBLIC RECORD**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 24, 2016, at San Francisco, California.

|  |  |
|---|---|
| Nelly Guerrero | /s/ Nelly Guerrero |
| Declarant | Signature |

SF2007402979
20825038.doc