Roger I. Teich
State Bar No. 147076
  290 Nevada Street
  San Francisco, CA  94110
  Telephone:  (415) 948-0045
  E-mail:  rteich@juno.com

David A. Nickerson
State Bar No. 111885
  32 Bridgegate Drive
  San Rafael, CA  94903
  Telephone:  (415) 507-9097
  E-mail:  nickersonlaw@comcast.net
*Attorneys for Petitioner*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISO DIVISION

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>RON DAVIS, Warden, California State Prison at San Quentin,<br><br>　　　　　Respondent. | C07-4727 EMC [Related to C 14-4108 EMC]<br><br>**DEATH PENALTY CASE**<br><br>**PETITIONER'S REPLY IN SUPPORT OF MOTION TO VACATE PROTECTIVE ORDER [DOC 48]** |

Respondent does not object to vacating the protective order based on petitioner's express waiver of privilege. [Doc. 206 at 8 n. 4.] That is a sufficient basis for the Court to vacate the protective order. The practical benefits include public-docketing of petitioner's counsel's previously-rejected 22-page declaration re motion for equitable tolling, public-docketing of deposition excerpts in the future, and public-docketing of the habeas petition itself.

Respondent labels petitioner's motion an "insidious" and "blatant ploy to obtain final relief." (Doc. 206 at 1, 8.)  Respondent is exorcized by petitioner's reading of this Court's order that "finds and concludes that Petitioner is permanently incompetent" and can never be retried. (Doc. 106 at 2, 4.)

Respondent misreads the Order.  *Compare* Doc. 106 at 2 ("petitioner is unable to make rational choices or to communicate rationally with counsel") *with* Doc. 206 at 2 (arguing Court found merely that petitioner cannot "assist federal habeas counsel").   Respondent also ignores petitioner's counsel's express basis for filing the motion: "What informs petitioner's privilege-waiver is the inevitability of the outcome, one way or another" – *i.e.*, whether the state trial court would give estoppel effect to this Court's finding of permanent incompetency, or make its own determination, in the event of remand."  (Doc. 201 at 2 n. 3.)   Petitioner has not asked for a "finding that petitioner can never be retried," only that he can never be executed.   In short, there is nothing "insidious" about petitioner's motion to vacate the protective order under these unusual circumstances.

One may wonder why respondent, having objected to the issuance of this same protective order in *McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (en banc) (per curiam), and *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), now seeks to keep it in place in this one case.  Petitioner's permanent incompetency is "the issue that will continue to shape this case should adversarial litigation continue." [Doc. 118 at 2].   The issue may make for strange bedfellows at times, but it surely will not go away.

## CONCLUSION

For the foregoing reasons, petitioner respectfully requests that the Court vacate the protective order [Doc. 48] on the related grounds that petitioner is permanently incompetent and cannot be

retried regardless of the outcome of this action [*see* Doc 106 at 4], and that as the holder, petitioner may and hereby does waive privilege.

Dated:  March 2, 2016

_____/s/_____
Roger I. Teich

# CERTIFICATE OF SERVICE

Case Name:   **Stanley v. Davis, Warden**_____         No.  **C-07-4727 EMC**\_\_

I hereby certify that on February 5, 2016, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PETITIONER'S REPLY IN SUPPORT OF MOTION TO VACATE PROTECTIVE ORDER [DOC 48]**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.  I declare under penalty of perjury under the laws of the United States the foregoing is true and correct and that this declaration was executed on March 2, 2016, at San Francisco, California.

|  |  |
|---|---|
| \_\_\_\_\_Roger I. Teich_____ | \_\_/s/  Roger I. Teich_____ |
| Declarant | Signature |