UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent.<br>_____/ | No. C-07-4727 EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER LIFTING STAY AND GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING**<br><br>**(Docket Nos. 190, 208)** |

## I.  INTRODUCTION

Petitioner, a condemned inmate at San Quentin State Prison, has filed a motion requesting equitable tolling of the one-year statute of limitations applicable to federal habeas petitions. Respondent has opposed the motion. For the reasons below, Petitioner's motion for equitable tolling is **GRANTED**.

## II.  BACKGROUND

Petitioner initiated the present capital habeas action when he asked the Court to appoint counsel and to stay his execution on September 13, 2007. He filed a protective petition on July 8, 2010. On November 28, 2011, the Court issued a stay of this matter in order to examine issues related to Petitioner's competency under *Rohan v. Woodford*, 334 F. 3d 803, 817 (9th Cir. 2003). (Doc. No. 39.) On July 26, 2013, the stay was partially lifted in order to examine issues related to Petitioner's competency under *Ford v. Wainwright*, 477 U.S. 399 (1986), and to refer the case to

1  ADR. In addition, Petitioner's Third Motion for Equitable Tolling was denied without prejudice.[1]
2  (Doc. No. 106.)

3  During the case management conference of December 17, 2015, the Court indicated that it
4  intends to lift the stay so that a finalized petition may be filed and this matter may proceed. The
5  parties agree that once the stay is lifted, Petitioner will have 127 days remaining to file a finalized
6  federal petition. In addition, Petitioner moves the Court to equitably toll the time in which Petitioner
7  must file his finalized petition for an additional period of 90 days. For the reasons previously stated
8  on the record, including the fact that a budget for the preparation of a final petition has been
9  approved, the stay is hereby **LIFTED**. Accordingly, Petitioner would have a total of 217 days from
10 the date of this order in which to file a timely finalized petition.

### III. LEGAL STANDARD

12 A one-year statute of limitations applies to federal habeas petitions filed by state prisoners,
13 and starts to run when the state court judgment becomes final. 28 U.S.C. § 2244(d). "[T]he
14 timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v.*
15 *Florida*, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner is entitled to equitable tolling "if
16 he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
17 circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks
18 omitted). This determination is made "on a case-by-case basis." *Id.* at 2653 (internal quotation
19 marks omitted).

### IV. ANALYSIS

21 Petitioner asserts that he is entitled to equitable tolling because of the "extraordinary
22 circumstance" of his adjudicated incompetency. Petitioner argues that because he is unable to
23 adequately communicate with his habeas counsel, his counsel must find alternate sources of
24 information to adequately plead certain claims in the finalized petition. Petitioner also points out
25 that his lead trial counsel has died, eliminating one source of potential information.

---

[1] Petitioner had earlier filed a *pro se* Motion for Equitable Tolling which was denied without prejudice. (Doc. No. 10). His Second Motion for Equitable Tolling was granted in part and denied in part. (Doc. No. 26).

In opposing Petitioner's motion, Respondent does not deny that the incompetence of a habeas petitioner may constitute an "extraordinary circumstance." *See*, *e.g.*, *Calderon v. District Court ("Kelly")*, 163 F.3d 530, 541 (9th Cir. 1998) (holding that incompetency is "a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control.") Rather, Respondent argues that Petitioner has not been pursuing his rights diligently. *See Holland*, 130 S. Ct. at 2562.

Respondent is incorrect. The record clearly demonstrates that Petitioner has more than diligently pursued habeas relief since counsel was appointed. Pursuant to settlement negotiations ordered by the Court, Petitioner properly focused on factual development that might assist the parties in reaching a settlement. (Doc. No. 125). More recently, the Court ordered Petitioner to develop the record regarding the question of whether he is permanently incompetent to be executed. (Doc. No. 164). There is nothing indicating that Petitioner has been less than diligent in litigating this matter.

Given that Petitioner has demonstrated both extraordinary circumstances and diligent pursuit of his rights, his motion is **GRANTED**.

## V. CONCLUSION

For the above reasons, the stay is **LIFTED** and Petitioner's motion for equitable tolling is **GRANTED**. Petitioner will have a total of 217 days from March 10, 2016 in which to file a timely finalized petition.

This order disposes of Docket No. 190.

IT IS SO ORDERED.

Dated: March 10, 2016

EDWARD M. CHEN
United States District Judge