ROGER I. TEICH
State Bar No. 147076
 290 Nevada Street
 San Francisco, CA  94110
 Telephone:  (415) 948-0045
 E-mail:  rteich@juno.com

DAVID A. NICKERSON
State Bar No. 111885
 32 Bridgegate Drive
 San Rafael, CA  94903
 Telephone:  (415) 507-9097
 E-mail:  nickersonlaw@comcast.net
*Attorneys for Petitioner*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISO DIVISION

| | |
|---|---|
| DARREN CORNELIUS STANLEY, | C07-4727 EMC [Related to C 14-4108 EMC] |
| Petitioner, | **DEATH PENALTY CASE** |
| vs. | |
| RON DAVIS, Warden, California State Prison at San Quentin, | |
| Respondent. | |

**PETITIONER'S REPLY RE:**

**MOTION TO COMPEL AND RELATED REQUESTS**

Petitioner Darren Cornelius Stanley submits this brief reply on his motion to compel Alameda District Attorney ("DA") and Police Department's ("OPD") responses to the Doc. 97 subpoenas and for related discovery from Respondent.

1. **DA Jury Selection Materials.**

Petitioner seeks leave to subpoena DA jury selection materials, including without limitation, outside seminar materials, for the 1984-2002 period. Respondent opposes the request on the grounds that pre-petition discovery is barred either by extension of Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011), or by Calderon v. District Court (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996). [Doc. 233 at 2-3.] This Court has previously rejected both grounds in granting petitioner's preservation discovery requests [e.g., Doc. 97 at 2 n.2], and should do so again.

Respondent also argues that "surely if there had been [a discriminatory] policy 25+ years ago, petitioner would be able to point to some objective signs that it existed." [Doc. 233 at 4.] Neither Respondent nor the DA addresses the elephant in the room: DA Landswick's voir dire notes for the five African-American female jurors he struck from the venire. Whenever prosecution voir dire notes have surfaced that similarly reference African-American prospective jurors' race with terms like "B", or "BLACK," or "DARK," Courts have condemned the practice, simply because there can be no race-neutral explanation for that form of profiling . Landswick's racist notations are fact not allegation, and petitioner has shown good cause to discover corroborative evidence of any DA "pattern and practice" of purposeful discrimination in capital jury selection.

The DA also argues that "[t]he material question here is not how Mr. Landswick was trained, but how he actually conducted jury selection in the instant case" [Doc. 234 at 2-3]. But, under the third step of Batson analysis, this Court may consider "all relevant circumstances" which raise an

Case 3:07-cv-04727-EMC   Document 240   Filed 07/22/16   Page 3 of 7

inference of purposeful discrimination. Batson v. Kentucky, 476 U.S. 79, 96-97 (1986); see also Miller-El v. Dretke, 545 U.S. 231, 253 (2005) (recognizing that the DA office's "pattern and practice" or "general policy" is one such "relevant circumstance"); Currie v. McDowell, 2016 U.S. App. LEXIS 10362 (9th Cir. June 8, 2016) (DA office's history of racial bias bolstered Batson prima facie case). As in Currie, in this instance, it is not only the same office, but the same prosecutor who brings a history of Batson violations with him. Id. at *27.

Ted Landswick was the trial prosecutor in five Alameda death cases: Stanley, Schmeck v. Davis, 3:13-cv-5415-RS (N.D. Cal.), People v. Robert Young, S018909, People v. Jack Friend, S027264, and People v. Gregory Tate, S031641. Petitioner contends that it was the pattern and practice in Alameda County before and after his trial to exclude African-American female jurors in capital cases. There is evidence on file in Schmeck, derived in part from state proceedings in In re Freeman, S122590 (another Alameda capital case) of such a pattern and practice, specifically, a declaration of one former Alameda prosecutor (John R. Quatman), and a hearsay statement of another (Alex Selvin). The hearsay statement of former DA Selvin (which derives from a purported conversation Selvin had had with Freeman's state habeas counsel Gibbs) is that Landswick "in particular, would have followed this practice." (See Schmeck Doc. 23 at 68 & Exh. 2 [Gibbs Dec.].)

A brief survey of cases from Alameda supports good cause for the discovery. Fred Freeman was tried for capital murder in Alameda County in 1987. The prosecutor in Freeman's case, John Quatman, excluded all African-American women from the jury. Later, in Freeman's state habeas, Quatman stated that it was "standard practice" for the Alameda County District Attorney's Office to use peremptory challenges to exclude black women from capital juries. Fred Freeman died in 2009, before his federal habeas petition could be litigated. Freeman v. Wong, Northern District of California case no. C-99-20641.

2

Erick Green was arrested in 1997. He was tried in Alameda County. However, it is not clear when his trial took place. In his case "the prosecutor used peremptory challenges to exclude from the jury all six African-Americans on the jury panel." Green v. LaMarque, 532 F.3rd 1028, 1019 (9th Cir. 2008).

Miguel Sifuentes was tried in Alameda County in 2003. He was charged with capital murder, but the jury imposed life instead. The prosecutor in his case used peremptory challenges to excuse nine out of twelve black jurors. Sifuentes v. Brazelson, 815 F.3rd 490 (9th Cir. 2016).

Melrolando Warren was tried in Alameda County in 2003. At Warren's trial the prosecutor peremptorily challenged four black females. Warren v. Hedgpeth, Northern District of California case no. 4:08-cv-00754. Warren's pro per federal habeas was denied.

Maurice Boyette was tried in Alameda County in 1993. The prosecutor peremptorily challenged four black women. Boyette's federal habeas petition is currently pending. Boyette v. Davis, Northern District of California case no. 13-cv-04376-WHO.

Robert Young was arrested in January 1989, the same month as Stanley. He was charged with capital murder in Alameda County. His trial took place in October 1990, just four months prior to the start of Stanley's trial. The same prosecutor, Ted Landswick, prosecuted Young. At Young's trial, as at Stanley's, Landswick peremptorily challenged all of the black women. Young's federal habeas petition was granted in part and denied in part on September 11, 2015. Young v. Gibson, Northen District of California case no. 11-cv-04985-JST, Docket # 31.

There is good cause for the request.

2. **Respondent Interrogatory.**

Respondent opposes the request on the grounds that the Warden, not the Attorney General, is a party, the request is not linked to any specific claim, and that the Attorney General does not have

"custody or control" over DA/OPD documents, and the request is "frivolous and pointless." [Doc. 233 at 7-9.]  Petitioner agrees that the interrogatory should be directed at the Warden as the named party in the case.   As to functional cooperation and control, the issue is sufficiently joined by the pleadings already on file, as well as Respondent's assertion that the DA had no role to play in ADR proceedings because Respondent is the only legal representative for the State of California in this proceeding.  Finally, to the extent that, as third-parties, neither DA nor OPD is obliged under Fed. R. Civ. P. 45 and the Doc. 97 subpoena to explain the circumstances under which responsive documents were destroyed, there is ample good cause for Petitioner's request to serve the interrogatory on the named party who has functional access to that information, which is plainly relevant to the <u>Batson</u>, <u>Brady</u>, and <u>Arizona v. Youngblood</u> (1988) 488 U.S. 51 claims.   The DA custodian avers that the "entire" prosecution file in the case of <u>People v. Darren Stanley</u>, 102289, was made available to Petitioner, and "nothing was withheld." [Doc. 234 at 4.]

Should this Court decline to issue final judgment for petitioner as a default sanction for the State's litigation misconduct, <u>see</u> Doc. 228, petitioner should be given leave to secure an accurate and complete explanation from the Warden, as the party with practical access to those who know, when and why, and by what authority, Landswick's voir dire notes and annotated questionnaires for all prospective jurors other than those whose exclusion was challenged at the time of trial came to be destroyed.

**3.    Assistant DA Theodore Landswick performance reviews for 1972-2003.**

The DA opposes the request on the ground that, while she cannot say how long the DA program which generated them lasted, there are no performance reviews for Landswick other than November 1978 and May 1979.  (Doc. 234 at 2.)  Petitioner has not seen the November 1978 report, which should be produced.  Further, the DA still has not provided this Court with a basis to conclude

that the DA conducted a good faith reasonable search of all files or places where additional responsive records might exist, or the circumstances of any document destruction.

**4.      OPD Criminalist Alan Keel personnel evaluations for 1991.**

Petitioner's counsel attempted to resolve this issue informally with OPD's formerly assigned City Attorney, and through her, with the OPD custodian of records.  No response was had.  Petitioner served his moving papers on the OPD custodian, but not on the city attorney's office.  OPD has not filed a response.   Petitioner requests that an OSC issue for the records sought with service on the City Attorney's Office, such that the Order shall become effective if no response is had within one week.

**5.      OPD Investigation of its Crime Lab for 1989-1991.**

See (4) above.

Dated:  July 22, 2016

_____/s/_____
Roger I. Teich

**CERTIFICATE OF SERVICE**

Case Name:  **Stanley v. Davis, Warden**          No.  **C-07-4727 EMC**

I hereby certify that on July 1, 2016, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PETITIONER'S REPLY RE: MOTION TO COMPEL AND RELATED REQUESTS**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, with the exception of the Oakland Police Department, whom I caused to be served with a true copy by U.S. Mail at the business addresses below:

Officer Taiwo Pena-Hornung
Custodian of Records
Oakland Police Administration Building
455 7th Street
Oakland, CA  94607

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct and that this declaration was executed on July 22, 2016, at San Francisco, California.


     Roger I. Teich                          /s/  Roger I. Teich
         Declarant                                  Signature