United States District Court
For the Northern District of California

1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                          NORTHERN DISTRICT OF CALIFORNIA

9

10    DARREN CORNELIUS STANLEY,                     No. C-07-4727 EMC

11                    Petitioner,
                                                    **DEATH PENALTY CASE**
12           v.

13    RON DAVIS, Warden of San Quentin State         **ORDER DENYING PETITIONER'S**
      Prison,                                        **MOTION FOR DISCOVERY AND**
14                                                   **MOTION FOR ADDITIONAL**
                      Respondent.                    **EQUITABLE TOLLING**
15    _____/
                                                     **(Docket Nos. 225, 232)**
16

17

18                         I.    **INTRODUCTION**

19           Petitioner, a condemned inmate at San Quentin State Prison, has filed motions requesting

20    discovery and additional equitable tolling of the one-year statute of limitations applicable to federal

21    habeas petitions.  Respondent has opposed both motions.  For the reasons below, Petitioner's

22    motions are **DENIED**.

23                         II.   **BACKGROUND**

24           Petitioner initiated the present capital habeas action when he asked the Court to appoint

25    counsel and to stay his execution on September 13, 2007.  He filed a protective petition on July 8,

26    2010.  On November 28, 2011, the Court issued a stay of this matter in order to examine issues

27    related to Petitioner's competency under *Rohan v. Woodford*, 334 F. 3d 803, 817 (9th Cir. 2003).

28    (Doc. No. 39.)  On July 26, 2013, the stay was partially lifted in order to examine issues related to

United States District Court

For the Northern District of California

1   Petitioner's competency under *Ford v. Wainwright*, 477 U.S. 399 (1986), and to refer the case to

2   ADR.  In addition, Petitioner's Third Motion for Equitable Tolling was denied without prejudice.

3   (Doc. No. 106.)

4        After additional litigation, Petitioner moved the Court to equitably toll the time in which

5   Petitioner must file his finalized petition for an additional period of 90 days.  (Doc. No. 214.)  On

6   March 10, 2016, the Court lifted the stay and granted Petitioner's motion for equitable tolling.  The

7   parties agreed that Petitioner's finalized petition would be due on October 13, 2016.

8        On July 1, 2016, Petitioner filed multiple motions, including a motion for equitable relief, a

9   motion for default sanctions, and a motion for discovery.  Subsequently, Petitioner also filed a

10  motion for an additional thirty days of equitable tolling.  Respondent has opposed both the motion

11  for discovery and the motion for equitable tolling.  The Court has suspended briefing on both the

12  motion for equitable relief and the motion for default sanctions, and will re-visit those motions after

13  the finalized petition is filed.

14                          **III.   LEGAL STANDARD**

15  A.    Discovery

16       "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

17  discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather,

18  "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of

19  Civil Procedure and may limit the extent of discovery."  Habeas Corpus R. 6(a).  Good cause exists

20  "where specific allegations before the court show reason to believe that the petition may, if the facts

21  are fully developed, be able to demonstrate that he is entitled to relief.  *Bracy,* 520 U.S. at 908-09

22  (internal quotations and citations omitted).  When good cause exists, "it is the duty of the court to

23  provide the necessary facilities and procedures for an adequate inquiry."  *Id.* at 909.

24  B.    Equitable Tolling

25       A one-year statute of limitations applies to federal habeas petitions filed by state prisoners,

26  and starts to run when the state court judgment becomes final.  28 U.S.C. § 2244(d).  "[T]he

27  timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v.*

28  *Florida*, 130 S.Ct. 2549, 2554 (2010).  A federal habeas petitioner is entitled to equitable tolling "if

2

United States District Court
For the Northern District of California

1  he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

2  circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks

3  omitted).  This determination is made "on a case-by-case basis." *Id.* at 2553  (internal quotation

4  marks omitted).

## IV.   ANALYSIS

6  A.   Discovery

7      Pursuant to an Order filed May 10, 2013, Petitioner served a subpoena on the Alameda

8  County District Attorney's Office requesting various information.  The District Attorney complied

9  with the subpoena, but Petitioner alleges that not all responsive information was provided and moves

10 to compel the District Attorney to further comply with the subpoena.  The District Attorney avers in

11 her pleadings that she has fully complied with the subpoena, and the parties indicated at the CMC of

12 July 28, 2016 that at least one additional responsive document had been produced.  The Court

13 hereby **ORDERS** the Alameda County District Attorney's Office to certify that it has fully complied

14 with the subpoena.  This certification should be filed within seven days of the date of this Order.

15 Petitioner's motion to compel is otherwise **DENIED**.  Should the Alameda County District

16 Attorney's Office fail to comply with this order, Petitioner may renew the motion.

17     Petitioner also requests leave to subpoena jury selection materials, specifically training

18 manuals and guidelines produced by the District Attorney's Office and any jury selection

19 presentations.  Petitioner requests this material in support of either his current or proposed claim

20 pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).  He has not demonstrated good cause for this

21 additional discovery at this juncture.

22     Petitioner has yet to file a final petition.  Any request for further discovery which is not

23 needed for preservation purposes should await the filing of the final petition.  *See Calderon v.*

24 *District Court ("Hill")*, 120 F.3d 927, 928 (9th Cir. 1997). His motion for leave to subpoena is

25 hereby **DENIED**.[1]

---

[1]  The Court notes that discovery as to an exhausted claim may be problematic under *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2001) (in determining the reasonableness of a state court's ruling under section 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits").  *Woods v. Sinclair*, 655 F. 3d 886, 904 n.10 (9th Cir.

Finally, Petitioner requests leave to serve an interrogatory on "Respondent Attorney General."  Specifically, he requests that the Attorney General "explain DA and OPD's document retention policies, their specific efforts to search for, locate, and produce responsive documents, and the circumstances of any document destruction."  This interrogatory appears to be related to the discovery at issue in Petitioner's motion to compel.

Respondent opposes this request, in part arguing that the Attorney General does not have custody or control over the documents in question, and therefore may not be properly served with such an interrogatory.  In his reply, Petitioner argues that the interrogatory should instead be served on the Warden.  Petitioner also acknowledges in his reply that both the Alameda County District Attorney and the Oakland Police Department are third parties to the litigation and thus that neither is obligated under Fed. R. Civ. P. 45 and/or the already issued subpoena to respond to the requested interrogatory.  Petitioner argues that there is good cause to serve the interrogatory on the Warden, the named party who he maintains has functional access to the information regarding "the circumstances under which responsive documents were destroyed."  (Pet. Reply at 4.)

Assuming that the Warden would be properly served with an interrogatory, Petitioner has not demonstrated good cause for the interrogatory.  Habeas Corpus R. 6(a).  In another motion (Doc. No. 228), Petitioner alleges on "information and belief" that the District Attorney did not preserve relevant documents, but offers no support for that claim.  This does not arise to the level of specificity required to demonstrate good cause.  *Bracy,* 520 U.S. at 908-09.  Moreover, Petitioner has already moved to compel full compliance with the previously-issued subpoena, and this Court has ordered the Alameda County District Attorney to certify that she has fully complied.  Accordingly, Petitioner's motion to serve an interrogatory is **DENIED**.

---

2011) (finding that because review of a claim adjudicated on the merits in the state court is limited to the state court record, petitioner need not have been afforded an opportunity to develop additional evidence in support of his argument).  If the petition contains unexhausted claims, discovery may also be problematic.  "Discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims."  *Calderon v. United States Dist. Ct. ("Thomas")*, 144 F.3d 618, 621 (9th Cir. 1998).  Should Petitioner seek additional discovery after filing the final petition, he must address these issues.

**United States District Court**
For the Northern District of California

B.      Equitable Tolling

Petitioner also moves for an additional thirty days of equitable tolling.  Petitioner's motion is based on the fact that this Court granted Respondent a thirty-day enlargement of time to respond to Petitioner's motion for equitable remedy and motion for default sanction.  (Doc. Nos. 232, 236.)

While Petitioner has been diligently pursuing his rights, he cannot demonstrate "extraordinary circumstances" that would justify additional tolling of the filing date.  *See Holland,* 130 S.Ct. at 2554.  Respondent's request for an enlargement of time was not an "extraordinary circumstance" but rather a routine request that is typical in habeas litigation.  Moreover, this Court has suspended briefing on both the motion for equitable remedy and motion for default sanction, which means that neither party will have to prepare pleadings on those motions before the petition is due on October 13, 2016.  Therefore, Petitioner's request for equitable tolling is **DENIED**.

## V.      CONCLUSION

For the foregoing reasons, Petitioner's motion for discovery and motion for equitable tolling are **DENIED**.  Within seven (7) days of the date of this Order, the Alameda County District Attorney's Office is **ORDERED** to certify that it has fully complied with the previously-served subpoena.

This order disposes of Docket Nos. 225 and 232.


IT IS SO ORDERED.


Dated:  August 5, 2016

_____
EDWARD M. CHEN
United States District Judge