UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br>Plaintiff,<br>v.<br>ROBERT AYERS, et al.,<br>Defendants. | Case No. 07-cv-04727-EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER DENYING RESPONDENT'S MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER**<br><br>Docket No. 296 |

On June 1, 2018, the Court entered an order granting Petitioner's request to stay his federal habeas proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Respondent has filed a Motion for Leave to File A Motion to Reconsider a portion of that order. *See* Docket No. 296. For the foregoing reasons, Respondent's motion is **DENIED**.

### I.  LEGAL STANDARD

Pursuant to Civil Local Rule 7-9(b), a party moving for leave to file a motion to reconsider is required to show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

## II. DISCUSSION

Respondent argues the Court should reconsider its ruling that Petitioner showed "good cause" as to Claim 3 because its ruling was based on a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [its] order." Civil L.R. 7-9(b)(3). *See* Docket No. 296-1 at 2. Specifically, Respondent takes issue with the Court's determination that Petitioner sufficiently showed the prosecutor misled the trial court about the contents of his voir dire notes and that the Attorney General continued perpetuating the prosecutor's statement during the appellate proceedings. According to Respondent, "[t]he *only* reasonable inference that can be drawn from [the record] with respect to the notation 'sympathy to the defendant,' is that such notation appeared on the prosecutor's '*Big spin cards*,' the only notes he had with him at the *Batson* hearing when he gave this reason for challenging the jurors." *See* Docket No. 296-1 at 4. In support, Respondent points to Petitioner's statement to the trial court that the prosecutor had "cards… notes in his hand" during the *Batson*/*Wheeler* hearing, as well as the prosecutor's statement to the trial court—following the conclusion of the *Batson*/*Wheeler* hearing—that he had forgotten his notes during the hearing. *See* Docket No. 296-1 at 6. The "Big Spin" cards related to the jurors at issue are not in the prosecutor's file and were never turned over to Petitioner.

The Court respectfully disagrees with Respondent's assessment that the "*only*" reasonable inference which can be made from the evidence in the record is that the "Big Spin" cards— to which neither the prosecutor nor the Attorney General referred throughout state court proceedings—contained the phrase "sympathy [for] the defendant." *See* Docket No. 296-1 at 4. While such an inference can certainly be made, the Court determined that Petitioner made a sufficient showing as to his allegations by submitting evidence that (1) the prosecutor made statements to the trial court noting that he had "sympathy for the defendant" in his voir dire notes, (2) none of the existing voir dire notes, including any "Big Spin" cards, contained the phrase "sympathy for the defendant," (3) the prosecutor's existing "Big Spin" cards note Black prospective jurors' race, and (4) the "Big Spin" cards related to the challenged jurors were not retained in the prosecutor's file despite having notice that the jurors' removal would likely be at

2

issue on appeal.[1] Taken together, Petitioner's allegations support Petitioner's allegation that the prosecutor misled the trial court during the *Batson/Wheeler* hearing and place into doubt the prosecutor's statements regarding the contents of his voir dire notes. While Petitioner admittedly offers only snippets of evidence that must be woven together by inferences, the Court is satisfied that Petitioner's allegations that the prosecutor misled the trial court about why he struck the jurors at issue are far from a "bald assertion" and are sufficient to support Petitioner's allegation of good cause under *Rhines*. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will").

Respondent also argues that the Attorney General did not misrepresent the contents of the voir dire notes on appeal and did not otherwise have a duty to correct the record. *See* Docket No. 296-1 at 5-6. Specifically, Respondent contends that because there is no indication the California Supreme Court was using "voir dire notes" in the technical manner being used by Petitioner here, the "voir dire notes" the court referred to most likely included the "Big Spin" cards, which likely included the phrase "sympathy for defendant." *See id.* at 5. The Court did not make a finding that Respondent misrepresented the contents of the voir dire notes or that the prosecution violated a duty to correct the record. Rather, the Court found that Respondent was the only party with access to the voir dire notes and existing "Big Spin" cards, which do not contain the phrase "sympathy for the defendant," and was therefore the only party who could have notified the California Supreme Court, or at least Petitioner, that the phrase was nowhere to be found in the prosecutor's file. *See* Docket No. 295 at 6. Respondent's failure to do so, whether Respondent was required by duty to correct the record or not, "cannot fairly be attributed to [Petitioner]." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005). Because the contents of the voir dire notes and "Big Spin" cards form the basis of some of the unexhausted portions of Claim 3, Respondent's failure to turn over the voir dire notes until after the conclusion of Petitioner's state

---

[1] In addition, although not dispositive here, Petitioner has alleged that the prosecutor previously showed racial animus, citing an occasion in which the prosecutor used a racial epithet inside an Alameda County courtroom.

3

proceedings constitutes good cause for purposes of a *Rhines* stay. *Id.*

To the extent that Respondent again argues that Petitioner's *Batson* claim is plainly meritless, the Court concludes that Petitioner has articulated a cognizable constitutional claim supported by relevant legal authority and has presented such evidence and offers of proof as are presently available to him. The *Batson* claim is not plainly meritless for purposes of granting Petitioner's request for a *Rhines* stay.

### III. CONCLUSION

Respondent's motion for leave to file a motion for reconsideration is **DENIED**.

This order disposes of Docket No. 296.

**IT IS SO ORDERED**.

Dated: September 5, 2018

_____
EDWARD M. CHEN
United States District Judge