UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY, Plaintiff, v. ROBERT AYERS, et al., Defendants. | Case No. 07-cv-04727-EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR PRESERVATION**<br><br>Docket No. 297 |

## I. INTRODUCTION

On June 21, 2018, following the Court's denial of Petitioner's motion for discovery, Petitioner filed a motion for preservation pursuant to Rule 27. *See* Docket No. 297. Specifically, Petitioner seeks an order stating that the Alameda County District Attorney's Office shall not destroy voir dire notes and records in four other capital cases tried by Ted Landswick, the prosecutor in Petitioner's case. *See, e.g.*, *People v. Schmeck*, No. H9033; *People v. Young*, No. 100819; *People v. Friend*, No. 891254; *People v. Tate*, No. 93308. For the reasons set forth below, Petitioner's motion is **GRANTED**.

## II. ANALYSIS

As a threshold matter, Petitioner has not shown Rule 27 discovery procedures are an appropriate vehicle for issuing an order for preservation of files which are unrelated to any planned depositions. *See* Fed. R. Civ. Pro. 27(a); see *Tennison v. Henry*, 203 F.R.D. 435, 440-41 (N.D. Cal. 2001) (allowing document production *for purposes of conducting deposition*). Even if Petitioner had shown the Court could use Rule 27 to issue an order for preservation of the voir dire notes, however, it is unclear whether Rule 27 procedures may be used by the Court where a mixed petition is pending. The Ninth Circuit has upheld a district court's decision to grant discovery on

an unexhausted claim pursuant to Rule 27 only when a valid petition was pending. *See Calderon v. United States Dist. Ct.* ("*Thomas*"), 144 F.3d 618, 621 (9th Cir. 1998) (upholding grant of discovery only after petitioner dismissed unexhausted claims); *see also Bonilla v. Davis*, 08-CV-0471 YGR, 2016 WL 7211119 (N.D. Cal. Dec. 13, 2016) ("The petitioner in *Thomas* was able to show a need for pre-litigation depositions under [Rule] 27, but the court there was only able to consider that showing once it had before it a valid petition"); *Tennison v. Henry*, 203 F.R.D. at 439-40 ("*Where a habeas petition containing only exhausted claims is before the court*, there is 'good cause' to permit discovery") (emphasis added); *cf. Carter v. Cullen*, No. 06-cv-1343-BEN, 2010 WL 11442913 (S.D. Cal. March 23, 2010) (granting stipulated motion for protective order to depose petitioner's attorney while mixed petition was pending without analysis related to exhaustion). Petitioner has not dismissed his unexhausted claims or submitted a stipulated motion for preservation.[1] The Court therefore cannot grant Petitioner's request pursuant to Rule 27.

Although Rule 27 cannot provide a basis for Petitioner's request, that does not end the matter. Granting a motion to preserve evidence is not the same as granting a request for discovery. Given the purpose and limited nature of the request for preservation at issue, the Court concludes the All Writs Act empowers the court to act in these circumstances. *See* 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("It has been recognized that the courts may rely upon [the All Writs Act] in issuing orders appropriate to assist them in conducting factual inquiries") (citation omitted); *see also United States v. Jordan*, 594 F.3d 1265, 1269 (10th Cir. 2010) (noting order for preservation of DNA evidence was granted by district court during federal habeas proceedings). Even if that petition is mixed and not ripe for immediate adjudication, a preservation order will facilitate the ultimate adjudication of a petition before this Court, "aid [its] respective jurisdiction[]." 28 U.S.C. § 1651. Having the authority to issue such an order, the Court considers the merits and addresses whether Petitioner has shown that the

---

[1] The Court expresses no opinion on whether granting a stipulated Rule 27 motion for preservation is appropriate while a mixed petition is pending.

2

issuance of such an order is necessary.

The parties are already under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir.2006). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence. *See Young v. Facebook, Inc.*, No. 5:10–cv–03579–JF/PVT, 2010 WL 3564847, at * 1 (N.D. Cal. Sept.13, 2010) (citing *Leon*, 464 F.3d at 959). However, the Court may enter an order for the preservation of evidence upon request by a party. In considering whether such a request should be granted, district courts within the Ninth Circuit have adopted a balancing test and weighed the following factors:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009); *see Jardin v. Datallegro, Inc.*, No. 08CV1462IEGRBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008); *Jacobs v. Scribner*, No. 06cv1280-AWI-NEW (DLB), 2007 WL 1994235 at *1 (E.D. Cal. July 5, 2007) (citing *Daniel v. Coleman Co., Inc.*, No. 06-5706 KLS, 2007 WL 1463102 at *2 (W.D. Wash. May 17, 2007)).

Based on the applicable balancing test, the Court finds that Petitioner has shown that a preservation order is warranted. As noted by Petitioner, relevant portions of the voir dire notes in his own case have previously been omitted or destroyed despite the Alameda County District Attorney's Office's policy of "retain[ing] every capital case file for the life of the defendant, and to destroy the case file once the office receives notice that the defendant has died." Docket No. 299-1. Moreover, the Alameda County District Attorney's Office previously certified that Petitioner's case file was "complete" and "remain[ing] in its entirety" although it was missing the Big Spin cards pertaining to the stricken jurors. *See* Docket No. 228-1.

Regardless of whether the destruction of those files was inadvertent or intentional, the

contents of the notes were lost despite the fact that they were relevant as contemporaneous notations reflecting Mr. Landswick's reasons for striking jurors. Should the notes currently sought by Petitioner also be lost or destroyed, Petitioner's ability to support his claim that Mr. Landswick's handling of capital cases shows that he had a pattern and practice of discrimination against black men and women would be negatively and severely compromised. *See Foster v. Chatman*, 136 S. Ct. 1737, 1755 (2016) (ruling that the state court did not err in using prosecutor's notes, which contained a "sheer number of references to race," in reviewing *Batson* claim); *see Kesser v. Cambra*, 465 F.3d 351, 357 (9th Cir. 2006) (holding that the state court erred in ruling on *Batson* claim "without ever considering the evidence outside the prosecutor's own self-serving *Batson* testimony").[2] In addition, Mr. Landswick has passed away and cannot otherwise be questioned about the contents of his voir dire notes, rendering the notes irreplaceable. Hence, there is substantial concern about the maintenance of the integrity of the evidence in question, and Petitioner could be severely prejudiced absent a preservation order.

As to the last factor, Respondent and the Alameda County District Attorney's Office have already indicated an ability and intention to preserve the files notwithstanding this Court's order, *see* Docket Nos. 299-1 & 299-2. The Court is satisfied that the Alameda County District Attorney's Office is readily capable of preserving the requested evidence.

Accordingly, all the factors weigh in favor of issuing an order for preservation.

///
///
///
///
///
///
///

---

[2] The Court notes that its recognition that the voir dire notes sought by Petitioner would arguably support Petitioner's claim should not be interpreted as an indication of how the Court will rule on Petitioner's renewed motion for discovery. The Court continues to defer its discovery ruling until it can consider further briefing upon the parties' return from state court.

4

### III. DISPOSITION

Petitioner's motion for preservation is **GRANTED**. This order disposes of Docket No. 297.

**IT IS SO ORDERED**.

Dated: September 17, 2018

_____
EDWARD M. CHEN
United States District Judge