UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CORNELIUS STANLEY,<br><br>Petitioner,<br><br>v.<br><br>ROBERT AYERS, et al.,<br><br>Respondents. | Case No. 07-cv-04727-EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING PETITIONER'S MOTION TO TEMPORARILY LIFT STAY OF PROCEEDINGS AND REQUEST TO FILE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION OF AMICUS CURIAE FOR LEAVE TO FILE AMICUS CURIAE BRIEF**<br><br>Docket Nos. 346, 348 |

Before the Court are separate but related motions: Petitioner's Motion to Temporarily Lift Stay of Proceedings and Request to File Second Amended Petition for Writ of Habeas Corpus (Docket No. 346) and Petitioner's former counsels' Motion of Amicus Curiae for Leave to File Amicus Curiae Brief (Docket No. 348). Petitioner's motion is unopposed by Respondent but is opposed by his former counsel acting as prospective amicus curiae. The motion for leave to file an amicus brief by Petitioner's former counsel is opposed by both Petitioner and Respondent. Both motions are fully briefed and are ripe for decision. For the following reasons, the Court **GRANTS** Petitioner's motion and **DENIES** the motion for leave to file an amicus curiae brief.

At the core of the dispute underlying the two motions is whether a court should resolve strategic differences between a party's counsel and attorneys with no vested interest in the case other than that they once represented that same party. Some context is necessary to frame the issue. Petitioner's former counsel were appointed nearly ten years ago, on February 11, 2011. Docket No. 11. Former counsel ably represented petitioner through many years of federal motions

United States District Court
Northern District of California

1   practice, with a substantial focus on litigation of petitioner's competency. On June 1, 2018, the
2   Court entered an order granting petitioner's motion to stay these proceedings so that petitioner
3   could return to state court to exhaust some of his federal habeas claims, including, *inter alia*, parts
4   of Claim 3 of the finalized petition, which alleges that the prosecution committed *Batson*
5   violations at Petitioner's trial. *See* Docket No. 295 at 4-6. Petitioner's state court exhaustion
6   petition remains pending before the Alameda County Superior Court, which has stayed its
7   consideration of the petition pending the decision of the California Supreme Court in *In re Friend*,
8   No. S256914. Docket No. 345. On June 18, 2020, Petitioner's former counsel moved to
9   withdraw, citing changing career circumstances of both appointed attorneys which would render
10  continued representation untenable as well as petitioner's repeated expressions of dissatisfaction
11  with their representation. Docket No. 335. Counsel specifically recommended that the Court
12  appoint counsel "from one of the federal capital habeas units of the federal public defenders office
13  in order to avoid the dilemma created by the State of California's lack of funding for capital
14  habeas counsel." *Id.* at 8-9. The Court accepted counsels' motion to withdraw and, following the
15  recommendation of both former counsel and the Selection Board, on October 1, 2020, appointed
16  the Capital Habeas Unit of the Office of the Federal Defender for the Eastern District of California
17  as successor counsel. Docket No. 342.
18      On November 10, through successor counsel, Petitioner filed the instant motion to
19  temporarily lift the stay so that he may file an amended petition. In relevant part, Petitioner's
20  proposed amended petition would delete some of Claim 3's factual allegations "because they rely
21  on documents of negligible evidentiary value and of doubtful admissibility." Docket No. 346 at 2-
22  3. Respondent does not oppose Petitioner's motion. Docket No. 347 at 2. Although Petitioner's
23  motion thus requires nothing more than the ordinary application of the liberal pleading amendment
24  standard of Rule 15 of the Federal Rules of Civil Procedure, Petitioner's former counsel, as
25  prospective amicus curiae, have sought to interpose their own objection to Petitioner's motion to
26  amend the petition.
27      Petitioner's former counsel object to the proposed amendment because, in their view, it
28  "will seriously prejudice [petitioner's] chances for relief and have unintended consequences far

2

beyond counsel's expectations." Docket No. 348 at 2. In their proposed amicus brief, former counsel refute successor counsels' assessment of the evidentiary problems motivating the proposed amendment. They maintain that current counsel are wrong to question the value of the relevant documents and that any concern that the relevant documents cannot be authenticated is premature. Docket No. 348 at 7-8. Former counsel complain that they are unable to discern current counsel's logic in seeking to remove the relevant factual allegations from Claim 3 and they further believe that, with federal proceedings stayed, "now is simply not the time for amending the finalized petition." *Id.* at 14.

The parties are united in their opposition to the motion for leave to file an amicus brief. Both parties argue that former counsels' motion does not comport with the customary circumstances in which an appearance by amicus counsel is warranted. Docket No. 349 at 2, 3-4; Docket No. 350 at 2-4. Rather, both parties assert, former counsel are merely attempting to control the direction of the litigation in this case by requesting that the court override a tactical decision of one party's counsel. *See, e.g.*, Docket No. 350 at 2. Petitioner's current counsel are pointed in assessing the implications of former counsel's effort, stating that, if successful, it would cause substantial confusion among the parties and Petitioner regarding "who is charged with making litigation decisions on Mr. Stanley's behalf" and that, consequently, "undersigned counsel would ultimately have to decide between litigating Claim 3 in a manner they have rejected or moving to withdraw from Petitioner's case." *Id.* at 3. Former counsel did not file a brief in reply to the parties' opposition briefs.

In general, a district court has broad discretion to permit the filing of amicus briefs. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). However, "[a]n amicus curiae is not a party to litigation." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus., State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982) (citing *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953). Instead, the "classic role" of amicus curiae is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Id.* Because amicus curiae are not a party, they have "no control over the litigation and no right to institute any proceedings in it, nor can [they] file any pleadings or

3

motions in the case." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1068 (N.D. Cal. 2005).

Here, the motion of Petitioner's former counsel plainly exceeds the traditional, limited role of amicus curiae.  Rather than supplementing the efforts of counsel of record by drawing the court's attention to matters of public interest that are overlooked or underrepresented in the parties' filings, former counsel seek to have the court resolve a tactical dispute between themselves and successor counsel about how best to plead and prove a single claim for habeas corpus relief.  Former counsel, no longer representing any party or relevant non-party, thus seek to reassert control over the direction of this litigation after withdrawing and ceding control to new counsel who are seasoned and experienced and whom former counsel recommended.  There is no authority countenancing such an expansive use of a court's amicus discretion.

Turning to Petitioner's motion to temporarily lift the stay in this matter so that Petitioner may file an amended petition, as mentioned previously, Respondent does not object to the motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that leave to amend a party's pleading be freely given "when justice so requires."  This standard is to be applied with "extreme liberality" in favor of permitting amendment.  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  None of the four factors that might ordinarily counsel denying leave to amend—"undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party[,]" *see id.* at 980 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)—appear applicable in this matter. Counsel has evidently reached the professional judgment that they can better prove Claim 3 without pleading certain factual allegations dependent on evidentiary materials they find dubious in provenance and probative value.  Accordingly, for good cause shown, Petitioner's motion is due to be granted.

For all of the foregoing reasons, the Motion of Amicus Curiae for Leave to File Amicus Curiae Brief (Docket No. 348) is **DENIED**.  Furthermore, Petitioner's unopposed Motion to Temporarily Lift Stay of Proceedings and Request to File Second Amended Petition for Writ of Habeas Corpus (Docket No. 346) is **GRANTED**.  The stay entered in this matter on June 1, 2018, is temporarily **LIFTED** to permit the filing of Petitioner's Second Amended Petition for Writ of

Habeas Corpus.  Petitioner shall file his Second Amended Petition on or before January 27, 2021. The Court will enter an order re-imposing the stay of this matter after the Second Amended Petition is filed.

This order disposes of Docket Nos. 346 and 348.

**IT IS SO ORDERED**.

Dated: January 13, 2021

_____
EDWARD M. CHEN
United States District Judge